## BURTON, AS ADMINISTRATRIX, v. UNION PACIFIC COAL COMPANY.
### (No. 617.)

RESERVED CONSTITUTIONAL QUESTIONS—SCOPE OF INQUIRY—DEATH CAUSED BY WRONGFUL ACT—ACTIONS FOR—LIMITATION UPON AMOUNT OF RECOVERY—CONSTRUCTION OF STATUTE AS AFFECTED BY CONSTITUTION PROHIBITING THE ENACTMENT OF ANY LAW LIMITING AMOUNT OF RECOVERY—STATUTORY CONSTRUCTION—STATUTES IN PARI MATERIA—LEGISLATIVE INTENT.

1. By a statute in force at the time of the adoption of the State Constitution an action for damages for the death of a person caused by wrongful act, neglect or default was provided for and the recovery limited to $5,000. (R. S. 1899, Secs. 3448, 3449.) The Constitution provides that no law

shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. (Art. 10, Sec. 4.) As part of a statute enacted in 1891, after the Constitution had become effective, relating to the operation and ventilation of coal mines, a right of action was given to the administrator of the estate of a person whose life shall be lost by reason of any violation of the act or a wilful failure to comply with its provisions, with a proviso that nothing in the section giving such right of action shall be so construed as to prevent the recovery of any lawful damages occasioned by the party at fault through carelessness. (R. S. 1899, Sec. 2582.) On consideration of reserved questions relating to the application of the former statute limiting the amount of recovery to an action claimed to have been brought under the act of 1891, (Sec. 2582) on account of a death occurring before the re-enactment of Section 3449 omitting the clause limiting the recovery, *Held:*

(1) Whether by any of the provisions of Section 2582 an action for damages in case of death of a person injured in a coal mine is given or provided for in case of negligence, or only where the death is the result of a violation of, or a wilful failure to comply with, the provisions of the chapter in which the section is found, is a matter purely of statutory construction involving no constitutional question for decision under the statute authorizing the reservation of constitutional questions only.

(2) The scope of the court's inquiry respecting the effect of the allegations of the petition is limited to ascertertaining whether the questions reserved arise in the action, so as to authorize their presentation to the court for decision.

(3) There is sufficient in the petition to require a consideration of the question whether the action, so far as it may properly be brought under Section 2582 is controlled as to the amount of recovery by Section 3449, the petition disclosing an intention to charge a liability on account of the violation of the provisions of the statute referred to in Section 2582, and it is not for the Supreme Court at this time to decide whether such a liability is sufficiently charged or not.

(4) So far as the action depends for a right to recover upon Sections 3448 and 3449, the amount of recovery will be controlled by the limitation contained in the last named section. (The decision in Mestas v. Dia-

mond Coal and Coke Company, 12 Wyo. 414, adhered to, holding that the provision of Section 3449 limiting the amount of recovery was not repugnant to the Constitution, on the ground that Section 4 of Article X of the Constitution prohibited only future legislation; but explained as applying to actions sustainable alone under Sections 3448 and 3449.)

(5) By enacting the provisions contained in Section 2582 the requirement of the Constitution that the Legislature shall provide by law for the manner of enforcing the right of action for damages in case of the death of a person caused by wrongful act, neglect, or default was in part complied with; and a statute enacted subsequent to the time when the Constitution went into effect is to be construed in the light cast upon the language by the Constitution, as well as by other legislation, and so as to give it operation consistent with the Constitution, if possible.

(6) A consideration of the question whether the constitutional provision prohibiting the enactment of any law limiting the amount of recovery for the injury or death of a person caused by wrongful act applies to an action provided for in Section 2582, so as to avoid the former statutory limitation, includes more than the mere construction of said section in connection with Section 3449, and involves an interpretation of the Constitution and the application of its provisions, and there is thus presented a constitutional question, within the meaning of the statute authorizing such a question to be reserved for the decision of the Supreme Court.

(7) 8he rule that statutes in *pari materia* are to be taken and construed together is but one of the rules for ascertaining the intent of the Legislature.

(8) As Section 2582 does not expressly provide any limitation upon the amount of recovery, but, unless qualified by some other statute properly applicable, authorizes the recovery of damages unlimited as to amount, except by the ordinary rules of law affecting damages in such cases; and as the Legislature could not, when said section was enacted, have lawfully limited the amount of recovery, the court is not permitted to impute to the Legislature an intent to express by the language employed anything less in this respect than it naturally and reasonably imports.

(9) The act of 1891, which embraced the provisions of Section 2582, did not violate the provision of

the Constitution that no bill shall be passed containing more than one subject, the same to be clearly expressed in its title, and said section is not therefore unconstitutional on that ground.

(10)   The limitation upon the amount of recovery found in Section 3449 aforesaid is inapplicable to an action brought under Section 2582 for the death of a person caused by a violation of the provisions of the chapter referred to therein,. or a willful failure to comply therewith.

(11) A recovery under Section 2582 will not be controlled by the provision in Section 3449 limiting the amount.   In case a recovery is not authorized upon the facts by Section 2582, but is authorized only by Sections 3448 and 3449, then the damages to be recovered cannot exceed $5,000.

(12)   (On petition for rehearing.)   The Legislature cannot be held to have intended something beyond its authority in order to qualify the meaning of the language it has employed.

[Decided March 5, 1910.]                    (107 Pac. 391.)
[Rehearing denied January 6, 1911.]         (112 Pac. 841.)

ON RESERVED QUESTIONS from the District Court, Laramie County; HON. RODERICK N. MATSON, Judge.

The material facts are stated in the opinion.

*H. V. S. Groesbeck* and *N. R. Greenfield,* for plaintiff.

The territorial law of 1886, relating to the operation of coal mines, and which gave a right of action for the non-observance of the prescribed regulations in language almost identical with Section 2582, Revised Statutes, 1899, repealed *pro tanto,* Sections 3448 and 3449 of said Revised Statutes, so far as the provisions of the later act were repugnant to those of the earlier statute.   We therefore contend that there was no statute in force at the time of the adoption of the Constitution limiting the amount of damages which might be recovered for death occurring in coal mines.   It is clear that the fist state legislature re-enacted the law of 1886, which embraced Section 2582, now to be considered, as a compliance with a direct constitutional mandate, and

to save any question as to the constitutionality of the statute. The provisions found in Sections 3448 and 3449 and those found in Section 2582 are in many respects dissimilar. They are certainly repugnant to each other, and under familiar rules of construction the later expression of the legislative will must govern. With full knowledge of the constitutional provisions contained in Sections 2 and 4 of Article 9, and Section 4 of Article 10, the latter prohibiting the enactment of any law limiting the amount of damages to be recovered for causing the injury or death of any person, the Legislature enacted the statute embracing the provisions of Section 2582. It was incumbent upon the legislature to enact this law as well as to obey the further constitutional provision prohibiting it from enacting a law limiting the amount of recovery. The judiciary ought to accord to the Legislature as much purity of purpose as it claims for itself, as honest a desire to obey the Constitution, and also a high capacity to judge of its meaning. (*In re* Board &c., 4 Wyo. 133.)

Section 2582 provides: "for" damages occasioned by violation of the chapter enacted, and (2) recognizes and permits the right of such action independently of such chapter. In neither case is the amount of damages restricted to any given sum and the same could not have been so limited. Under the petition in this case a violation of the coal mining law is claimed, and recovery is also claimed under the permission therein given to maintain an action for negligence not arising under its provisions. A right of action is recognized, permitted and conferred by said section, so far as injuries in coal mines are concerned, and the Legislature acted under the constitutional restriction and removed the limit to the recovery of damages in coal mining cases, and negligence arising in the management and operation of coal mines, repealing the former statutory limitation as to recovery *pro tanto.*

Counsel for defendant in their brief indulge in some refineness of language, particularly as to the meaning of the

preposition "for"; and it is stated that counsel for plaintiff seem to claim that the word "for" is intended to express the amount of the recovery, that is to say, that they seem to substitute the words "in amount of", "in the value of" for the word "for". In the most general sense "for" indicates "in consideration of," "in view of," or, "with reference to," which, anything is done. (Webster's Int. Dict.) It is here used in the sense of "on account of" or "by reason of" or "with respect to." (13 Ency. L. 731-734.) Thus, "on account of any injury to person or property occasioned by any violation," &c. (Strong v. Ins. Co., 31 N. Y. 103; State v. Cornell, 54 Neb. 647; Creckbaum v. Sohner, 1 O. Dec. 257; 3 Words & Phrases, 2860.) As there could not have been any limit of recovery under the Constitution, it must be presumed that no such limit was enacted by the Legislature, as no limit was expressed.

Counsel for defendant in their brief invoke the case of Mestas v. Diamond Coal & Coke Co., 12 Wyo. 414, as decisive of the question here to be determined. But in the decision of that case no mention was made of Section 2582 or the act in which it was embraced, and the court's attention was not called to it in any way. The coal mining statute was ignored by all of the counsel in that case, and this might be accounted for as not involved in the case. It is certain that the case did not fall within the coal mining law, and therefore the decision thereof could not apply to the case at bar. We do not contend that Section 3449 was repealed by what is now Section 2582, except as to cases arising for damages for injuries to persons in coal mines, like the case at bar. Statutes containing provisions similar to those found in our coal mining statute have been enacted in several states. While the legislation in the different states may differ somewhat, it is apparent that the general object and purpose of such statutes are the same, for they are based upon the fundamental and beneficent principle that the state should, as far as possible, under its police powers, regulate the methods and appliances used in dangerous call-

ings, so as to minimize as far as possible injuries to those who are compelled to risk their lives and persons in the more dangerous callings. The same language is found in the statutes of other states with reference to the right of action for injuries as that employed in Section 2582 (Carterville Coal Co. v. Abbott, 181 Ill. 495, 55 N. E. 131; Coal Co. v. Denman, 185 Ill. 413; Coal Co. v. Rowatt, 186 Ill. 156; Coal Co. v. Royce, 184 Ill. 402; Coal Co. v. Polland, 158 Ind. 607; Bodell v. Coal Co., 25 Ind. App. 654; Durant v. Mining Co., 97 Mo. 62; Coal Co. v. Muir, 20 Colo. 320, 38 Pac. 378; Coal Co. v. Britton, 3 Kans. App. 292, 45 Pac. 100.)

"It is the general rule of statutory construction that where a special statute is later than a general statute relating to the same subject, the enactment operates necessarily to restrict the effect of the general act from which it differs." (Mau v. Stoner, 14 Wyo. 183; Commissioners of Albany Co. v. Chaplin, 5 Wyo. 74; Sutherland Stat. Const. 158.) This is the general rule and one which is applicable to the case at bar. A new act extending and enlarging pre-existing rights impliedly repeals the law by which the right was created or given. (Garrison v. Richards, (Tex.) 107 S. W. 861.) Though repeals by implication are not favored by he courts, where a new statute is intended to furnish the exclusive rule on a certain subject, or where the whole subject of the old law is covered, it is the duty of the court to construe the new law as impliedly repealing the old. (Findling v. Foster, (Ind.) 84 N. E. 529.) A prior statute is repealed by implication by a subsequent statute which prescribes the only rule governing in a certain class of cases. (Clark v. Baxter, 98 Minn. 256, 108 N. W. 838; R. R. Co. v. Ry. Co., (Tenn.) 95 S. W. 1019.) The repeal of statutes is wholly a matter of legislative intent. All acts and parts of acts inconsistent with the provisions of the act of 1891, which contain the present Section 2582, were repealed by a general repealing clause. While such a clause adds nothing to the legal effect of the act (Struthers

v. People, 116 Ill. App. 481), in legal effect it expresses the legislative intention of repealing all prior acts and parts of acts conflicting with the provisions found in the new act. No Legislature can bind itself or its successors by enacting irrepealable laws, except where future legislation is restrained by the federal or state Constitution. A statute may have the effect of repealing a prior Statute or some of its provisions though it be silent on the subject of repeal. An implied repeal results from some enactment, the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. Tested by the familiar rules of construction we submit that the provisions of Section 2582 were enacted with a manifest legislative intent to enact a new law upon the subject of damages for injuries sustained in coal mines, and that such legislation should modify the former statutory provision limiting the amount of recovery; and this is particularly true because it would have been unconstitutional to fix a limitation upon the amount of such recovery. (Note in 88 Am. St. Rep. 275, 276; Maule Coal Co. v. Partenheimer, 155 Ind. 100, 55 N. E. 751; Collins Coal Co. v. Hadley, 38 Ind. App. 637, 75 N. E. 832; Coal Co. v. Taylor, 81 Ill. 592.)

*Herbert V. Lacey* and *John W. Lacey,* for the defendant.

The accident described in the petition occurred before the Legislature re-enacted Section 3449 of the Revised Statutes of 1899 so as to omit the provision limiting the amount of recovery to $5,000, and therefore the limit is applicable here if the limitation clause was not otherwise and prior to the accident repealed. There seems to be no claim that there had been any direct repeal of the limitation clause, but counsel for the plaintiff rely upon what they consider an implied repeal arising out of Section 2582, which is a portion of an act relating to coal mines. It seems to be claimed by counsel that Section 2582 not only provides for a recovery because of injuries therein mentioned, but also measures the damage, or rather measures the amount of recovery in such form and with such force and to such purposes as to im-

pliedly repeal the limitation upon the amount of recovery in Section 3449. All of the questions here involved were clearly and necessarily involved in the case of Mestas v. Diamond Coal and Coke Co., 12 Wyo. 414. The averments of the petition in that case are not clearly set forth in the opinion, but in fact such petition alleged omissions of acts required by the coal mining law, and also alleged the negli-gent doing of acts required by that law, all resulting in the injury. It was also called to the attention in the argument, as shown in the report of the case, that some claim was made as to the force of Section 4 of Article IX of the Con-stitution. It is true that so far as the report shows the, force of Section 2582 was not in terms passed upon. It was, however, held that the limitation was in force, and this was held to control in a case where the accident occurred while Section 2582 was on the statute book and had what-ever force it has today. The decision, therefore, was clearly erroneous if the contention of counsel in this case is to prevail. Neither the eminent counsel in that case nor the court found anything in Section 2582 repealing the limita-tion clause in Section 3449. We might safely rest the case at bar on the decision in the case above cited, because to our minds that case is decisive of this one.

But considering the question anew, the general doctrine of implied repeal requires discussion. "The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of no repeal by implication." (Potter's Dwar-ris on Statutes, 154.) "It has become a legal truism that repeals by implication are not favored. Whenever such a repeal is relied upon, it is generally a question of construc-tion whether that object was intended by the Legislature, and courts will endeavor to find some rational way to avoid such result, if it can be reasonably done." (Beck v. St. Paul, (Minn.) 92 N. W. 328.) Where there is no express repeal, if any repeal results from the enactment of the later statute it must be either because its provisions are incon-

sistent with the former, or because the Legislature intended
to revise the entire subject matter and supersede the former
statute.  If the two statutes can be construed together they
will be so construed, and each will be given its proper ef-
fect.  It is only where the former and later statutes are
clearly irreconcilable, and not susceptible of any such fair
interpretation as will allow of their standing together, that
an implied repeal will be declared.  (Lambe v. McCormick,
(Ia.) 89 N. W. 241; Higgens v. State, (Md.) 1 Atl. 876;
People v. Impr. Co., (Cal.) 62 Pac. 739; People v. Ray-
mond, (Ill.) 57 N. E. 1166; Com. v. DeCamp, (Pa.) 35
Atl. 601; State *ex rel.* v. Owen, 7 Wyo. 84; Standard
Cattle Co. v. Baird, 8 Wyo. 144.)  In addition to the general
rule concerning repeals and amendments by implication our
statute provides that "no law shall be revised or amended,.
or the provisions thereof extended by reference to its title
only, but so much thereof as is revised, amended or ex-
tended, shall be re-enacted and published at length."  (Art.
III, Sec. 26.)  It was in compliance with this constitutional
provision that in 1909 the Legislature repealed the limitation
clause here in question by amending and re-enacting Sec-
tion 3449 in such way that all the provisions of the amended
section were set out in the language intended to remain as
the language of the section, omitting the limitation clause.
In states where there is such constitutional provision, the
doctrine as to repeals by implication is even stronger than
is the case where there is no such provision.  (Stephens v.
Ballou, 27 Kan. 594.)

We contend that not only a reasonable construction, but
the more reasonable construction of Section 2582 will give
it such meaning that it does not at all conflict with Section
3449.  To our minds the fundamental error of opposing
counsel is found in a definition which they seem to have
given to the word "for" as it appears in different places in
Section 2582.  Counsel seem to claim that this word "for"
is intended to express the amount of the recovery, that is to
say, they seem to substitute the words "in the amount of"

or "in the value of" for the word "for." We do not need to show that the words contended for by counsel could not be substituted, nor that the words contended for would be unreasonable. But we contend for, and all that we need to contend for, is that some reasonable meaning can be given to the word "for" in Section 2582 which will leave it not repugnant to Section 3449. Webster's International Dictionary does not give any definition of the word "for" as counsel insist upon. As used by Webster it does not indicate measure. It is used rather in such sentences as those found in Section 2582 to indicate that "because of which" or "on account of which" anything is done. And this is the more natural meaning of the word. By substituting this definition, Section 2582 would give the right of recovery to the party injured "because of the direct damages sustained thereby." This is the most natural and beyond all question the reasonable meaning of the word "for" as used in the section. It is then the duty of the court to give this construction to the word as found in Section 2582, and when so construed there is no kind of repugnance between Section 2582 and Section 3449 because Section 2582 does not at all touch the question of the amount of recovery, but leaves that whole matter to Section 3449, which remains in force so far as this case is concerned upon the five thousand dollar limitation.

(In support of petition for rehearing.)

It is believed that the court was misled in the fundamental principles and reasons from which it drew the conclusion that a recovery under Section 2582 will not be controlled by the provision in Section 3449 limiting the amount. The court concludes, very properly as it seems to us, that the whole of Section 3449 remained in force. The reasoning upon which this decision is based, both here and in the Mestas case in this court and by other courts in like cases seems impregnable. The inhibition as contained in Section 4 of Article X of the Constitution is solely directed to the Legislature and is prospective only. The court

seems to have thought that Section 4 of Article IX of the
Constitution creates certain rights, but that until the Legis-
lature saw proper to enact a remedy, there was no way of
enforcing such rights.   It seems to us that the fundamental
error in the court's reasoning began at this point.   The true
rule involved seems to be that some known and estab-
lished remedy attaches to every right.   (Marbury v. Mad-
dison, 5 U. S. 137; R. R. Co. v. Wells, 59 S. W. 1041;
Ashby v. White, Holt, 524; Union Ry. & T. Co. v. Shack-
let, (Ill.) 10 N. E. 1096; Lowell v. Wyman, 12 Cush. 273.)
If Section 4 of Article IX creates any right in the person
wrongfully injured, then if redress is not placed within the
exclusive cognizance of some tribunal, such redress may be
had in the common law courts of the State.   The Legis-
lature in enacting any statute must be held to have had in
mind the whole body of the common law and the whole body
of the statutes.   Almost every act passed by the Legisla-
ture would be very incomplete if not aided and re-enforced
by the great body of the common law and all the various
statutory enactments.   Ordinarily the substantive enact-
ments leave to the common law and to other statutes the
whole of the adjective law that must be used in enforcing
the substantive rights.   "It is not to be presumed that the
Legislature intended to make any innovation upon the com-
mon law further than the case absolutely required."   (Heis-
kell v. Baltimore, (Md.) 4 Atl. 116; Shaw v. R. R. Co.,
101 U. S. 557; Bandfield v. Bandfield, (Mich.) 76 N. W.
287; Sullivan v. Packet Co., 10 Minn. 386; Fitzgerald v.
Quann, 109.)   This rule applies with the same force and
effect to pre-existing statutes as to the common law.   Each
statute is to be read not only in the light of pre-existing
statutes, but is to be held to modify pre-existing statutes
only so far as its express language necessarily requires.
This is in part another way of saying that repeals by im-
plication are not favored.   But it is a broader principle even
than that. . All of the old legislation surrounds and presses
upon each new act, supplying many details and remedies not

set forth in the new act. "The same rule of construction is applied to statutes in derogation of existing statutes as applies to those in derogation of common law, and the same presumption obtains that no change is intended, unless the laer statute is clear and explicit to that effect." (Milling & Elevator Co. v. Mitchell, (Colo.) 58 Pac. 28.)

The decision of this court is in harmony with the general proposition in saying that the limitation clause in Section 3449 was continued in force by the general provision in the Constitution continuing in force the pre-existing statutes, since it was not repugnant to the other provision of the Constitution, that "no law shall be enacted limiting the amount of damages," &c., but was enacted before such constitutional prohibition, and therefore was not a violation of that provision, but remained in force and effect as the approved rule on the subject, approved not only by the people in their Legislature, but approved in their Constitution, which among other laws continued this one in force until such time as the Legislature might see fit to repeal it. This is the right of action provided for every death by wrongful act, neglect or default. It is not limited to such acts as were wrongful at the time of the enactments of Sections 3448 and 3449, nor to acts merely violative of civil or contractual obligations or duties, but it reaches all wrongs and neglects, both civil and criminal, and whether defined as wrongs and neglects before or after the enactment of Sections 3448 and 3449. It seems to be supposed, however, that Section 2582 has some such relation to Section 4 of Article IX of the Constitution that the combination of the two increases their binding force and excludes other statutes. It seems even to be thought that the provisions of Section 2582 in relation to death were enacted in compliance with and to carry out the provisions of Section 4 of Article IX. There is nothing in the Constitution relating to the remedy. Each gives the right, but the statute as well as the Constitution fails to give the remedy. It can scarcely be called a failure either of constitution or statute, since the common

law and statutes taken together supply the remedy down to the minutest detail. If the right of action involves more than three hundred dollars, the remedy is by civil action in the District Court of the county where the defendant may be served. The action must be brought by petition whose form and terms are defined by law, then the *precipe* and the summons, the time for and the contents of the answer and reply, the right to a trial by jury, the manner of impanelling the jury, and many other details and matters are matters of remedy and all are provided by law with great particularity.

"The remedies which one Legislature may have prescribed for the redress of private wrongs, a subsequent Legislature can change or modify at pleasure, and make the new remedy applicable to pending controversies, provided a substantial or adequate remedy is left, and provided further, that the Legislature is not prohibited from making the new remedy applicable to pending suits by some provision of the organic law. In this respect there is an important distinction between statutes creating rights and those which afford remedies." (Campbell v. Mining Co., 83 Fed. 643.) It can scarcely need mentioning that most statutes creating rights of action do not trouble themselves wih providing remedies. For example, a statute creating an attorney's lien was held not to give any remedy, but the remedy as provided by law was held applicable. Again, the right of action given to an administrator for the death of his intestate was held not to give any remedy, but solely a right of action, but it was likewise held that the law outside the particular statute gave the remedy.

Section 2582 as to both right and remedy does not carry out Section 4 of Article IX of the Constitution. There is an exceedingly important difference between Section 4 of Article IX and the language of Section 2582. There is nothing in the provision for wrongful death in the Constitution which bases the right of action there mentioned upon any violation of any constitution or statute. Section 2582

strictly limits itself to deaths caused by failure to comply with the statute. The constitutional provision relates to all wrongful acts, all acts of negligence, all defaults. The statute relates to a very special class of willful wrongs to persons engaged in mining alone. And as if to emphasize the matter, the statute recognizes in the proviso the very class of matters which are covered by the Constitution. But the proviso does not create or give any right or remedy as to these matters embraced within the Constitution though it does caution against construing the statute in such way as to take away any right of action, etc. It is thus shown that the clear intention of the act was to provide for things other than defaults and negligence, and it was exactly the matters so left untouched by the statute, which the constitution had in mind and for which the prior statute provided. In other words, Section 282 of the statute is not at all the constitutional provision nor along the lines of carrying out the constitutional provision. But Section 3448 is in exact harmony with the Constitution and is doubly kept in force by it, first by the general provision keeping it in force as one of the statutes, and second, by the very unusual method of embodying Section 3448 in the very language of the Constitution to such effect that the Legislature may not repeal it. But the Constittuion continued in force not only Section 3448 but also 3449, the only difference being that Section 3448 was so continued as to be beyond legislative repeal, while Section 3449 was continued subject to the will of future legislation, with the one exception that the limitation upon the amount of damages should remain in force only until repealed, but should not be re-enacted. The important point, however, is that Section 3449 was continued in force until a subsequent Legislature should change it. There was no direct change prior to the accident here complained of. Section 2582 did not repeal or change it because it is not repugnant to Section 3449. It results, therefore, that Section 3449 was in full force when the accident happened in the case at bar. Sec-

tion 2582 made no provision in relation to the amount of the damages.  It neither said they should be unlimited, nor that they should be limited, much less did it fix any limit. But there was in Section 3449 a provision limiting the amount of the damages. in every case of wrongful act, neglect or default, and Section 2582 was by the Legislature compelled to remain silent on this question, although the Legislature knew the existence of the limitation.  The Legislature at the time of enacting Section 2582 could not have enacted such a limitation, and they did not attempt it.  They knew the limitation in force by Section 3449, and they had the power to repeal it, but they did not attempt to do that. They had the power to provide in Section 2582 that the limitation of Section 3449 should not apply in cases arising under 2582, but they did not so enact, although they must be held to have known the universal rule that Section 2582 would not change existing statutes except where the intention to do so was clearly manifest.

Neither was the limitation of Section 3449 unconstitutional as applied to new causes of action any more than it was unconstitutional as applied to old causes of action.  The fact that a new cause of action was created did not re-enact Section 3449.  It required no re-enactment.  It was in force by its original enactment and by the Constitution.  There was, therefore, nothing unconstitutional in permitting Section 3449 to remain in force, nor in permitting it to operate upon causes of action newly created.  There is no provision in the Constitution that the limitation shall not apply to causes of action newly created.  The provision of the Constitution is only that the Legislature shall not enact a limitation.

Potter, Chief Justice.

"This cause is here upon reserved questions, involving the construction and application of certain provisions of the State Constitution relating to an action for the death of a person caused by the wrongful act, neglect or default of another.  The suit is brought by Emma Burton, as adminis-

tratrix of the estate of Joseph Burton, deceased, against the Union Pacific Coal Company. There are two causes of action stated in the petition, the second not being here material. The first cause of action alleges that the death of Joseph Burton, plaintiff's intestate, was caused by injuries received while employed in a coal mine owned and operated by the defendant at Hanna, in this State, as the result of certain alleged willful violations by the defendant of the statute relating to the operation of coal mines, and other wrongful acts and defaults on the part of the defendant.

It is alleged that on account of the death of said intestate, so caused, the plaintiff, as the personal representative of the said deceased intestate, and his heirs at law and next of kin represented by her, have been damaged in the sum of twenty thousand dollars. By reason of the facts alleged in the second cause of action damages are claimed in the sum of fifteen thousand dollars, and there is a general prayer for judgment for the sum of thirty-five thousand dollars. A motion was filed by the defendant to strike out all of the claim for damages and judgment in excess of five thousand dollars, on the ground that a judgment for any sum above that amount would be contrary to law. Thereupon, upon motion of the plaintiff, the defendant consenting thereto, the District Court ordered that the following questions arising in the cause upon said motion be reserved and sent to this court for its decision.

"1. Can the plaintiff in this action recover more than the sum of five thousand dollars upon the first cause of action set forth in the petition?"

"2. Does the statutory limitation limiting the amount of recovery in case of death to five thousand dollars apply and limit the recovery that could be had upon the first cause of action in this cause?"

"3. The Constitution of this State having provided in Section 2 of Article IX thereof, 'That the Legislature shall provide by law for the proper development, ventilation,

drainage and operation of all mines in this State,' and also having provided for a right of action for injuries in Section 4 of said Article IX and that the Legislature shall provide by law at its first session for the manner in which a right of action in respect thereto shall be enforced; and the Legislature of this State having provided for the recovery of damages at the first session thereof held after the adoption of the Constitution of this State, to-wit, in Section 17 of Chapter 80 of the. Session Laws of Wyoming for 1890-1891—the same now being Section 2582 of the Revised Statutes of Wyoming, 1899,—does such constitutional and statutory provision operate as a removal of the limitation of five thousand dollars recovery of damages having occurred and having been sustained as is alleged in the first cause of action of said petition, in the operation of the coal mine of said defendant which it owned at Hanna, in the County of Carbon, in the State of Wyoming, on the 28th day of March, A. D. 1908, and prior to said date last aforesaid."

"4. Do the provisions of said Sections 3448 and 3449 of said Revised Statutes of this State control the disposition of said motion of said defendant in this cause or is the disposition of said motion to be governed by the provisions of said Section 2582 of said Revised Statutes of this State?"

The statutory provisions now found in Sections 3448 and 3449, Revised Statutes of 1899, were enacted in 1871 by the Legislature of the Territory, and read as follows:

"Section 3448. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof; then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree, or manslaughter."

"Sec. 3449. Every such action shall be brought by, and in the name of, the personal representative of such deceased person; and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate. In every such case, the jury shall give such damages as they shall deem fair and just, not exceeding five thousand dollars, and the amount so recovered shall not be subject to any debts or liabilities of the deceased; Provided, That every such action shall be commenced within two years after the death of such deceased person."

In Article IX of the Constitution, the article being entitled "Mines and Mining," it is provided as follows:

"Sec. 2. The Legislature shall provide by law for the proper development, ventilation, drainage and operation of all mines in this state."

"Sec. 4. For any injury to person or property caused by willful failure to comply with the provisions of this article, or laws passed in pursuance hereof, a right of action shall accrue to the party injured, for the damage sustained thereby, and in all cases in this state, whenever the death of a person shall be caused by wrongful act, neglect or default, such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured, and the Legislature shall provide by law at its first session for the manner in which the right of action in respect thereto shall be enforced."

Article X of the Constitution is entitled "Corporations," and in Section 4 of that article it is provided: "No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person."

At the first session of the State Legislature (1890-91) an act was passed entitled "An act creating the office of State Inspector of Coal Mines, fixing said inspector's salary and prescribing his duties; also providing for the proper ventilation of coal mines and for other purposes; and providing for appropriating moneys for a contingent fund for said office." The act was incorporated in the subsequent revision of the statutes as a separate chapter, and Section 17 of the act became Section 2582 of the Revised Statutes of 1899, reading as follows:

"Sec. 2582.    For any injury to person or property occasioned by any violation of this chapter, or any willful failure to comply with its provisions, a right of action against the party at fault shall accrue to the party injured for the direct damages sustained thereby, and in any case of loss of life, by reason of such violation or willful failure, a right of action against the party at fault shall accrue to the administrator of the estate of the person whose life shall be lost, for like recovery of damages for the injuries sustained; Provided, That nothing in this section shall be so construed as to prevent the recovery of any lawful damages against the person or company operating mines if said company should be found in fault or shall have contributed to any accident by means of carelessness on their part; and Provided, further, That in no case shall the State be liable for damages under this chapter."

Substantially the same provisions now found in Section 2582 were contained in an act relating to the operation of coal mines passed in 1886 by the Legislature of the Territory. (Rev. Stat. 1887, Sec. 1655.) By an act approved February 24, 1909, Section 3449 of the Revised Statutes, 1899, above quoted, was amended and re-enacted, the only material change being the omission of the words "not exceeding five thousand dollars," so that, as amended, the statute contains no fixed limitation upon the amount of recovery. It was provided in Section 2 of the amendatory act that nothing in said act contained "shall

be so construed as ·to discharge, release, or repeal any ·cause of action or right of action existing prior to the taking effect of this act, or any such action shall be brought, maintained, heard, tried and determined, and shall proceed to trial, judgment and execution, the same as if this act had not been passed." The injury and death for which the action is brought is alleged to have occurred on March 28, 1908, and it is conceded that the questions before us are to be determined upon the law as it existed at that time; and therefore Section 3449 is to be considered as it existed in March, 1908, at that time containing the provision limiting the amount of recovery in actions controlled by it to five thousand dollars.

The constitutional provisions aforesaid, as relating to Sections 3448 and 3449, were considered by this court in Mestas v. Diamond Coal & Coke Co., 12 Wyo. 414, 76 Pac. 567, and it was held that the provision of Section 3449 limiting the amount of recovery was not repugnant to the Constitution, but that it was continued in force by virtue of Section 3 of Article XXI of the Constitution which provides: "All laws now in force in the Territory of Wyoming, which are not repugnant to this Constitution, shall remain in force until they expire by their own limitation, or be altered or repealed by the Legislature." Generally stated, the ground of that decision was that Section 4 of Article X of the Constitution declaring that "no law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person" prohibited only future legislation, and did not, therefore, repeal or abrogate the statute previously enacted. The suit had been instituted February 21, 1903, by an administrator to recover damages on account of the intestate's death through the alleged negligence of the defendant, while employed in a coal mine owned and operated by the defendant, said death having occurred, as alleged, February 25, 1901. The case came to this court upon reserved questions arising upon a general demurrer to the petition, and the only ques-

tions reserved or considered were whether either of Sections 3448 and 3449 was a valid and subsisting statute on February 25, 1901, and whether on that date, and at the time of the commencement of the action, there was a statute in force in this state creating a right of action for death by wrongful act. Upon submission of the demurrer, the parties had stipulated that the only point raised was, that no statute authorized an action for the benefit of heirs and next of kin by the legal representative of a person killed by wrongful act. Section 2582 was not mentioned in the reserved questions, nor by counsel, and it was not considered in the opinion. Counsel for each of the parties assumed that the clause in Section 3449 limiting the amount of recovery was abrogated by Section 4 of Article X of the Constitution, and the only point upon which they differed was whether or not the remainder of that Section and Section 3448 were continued in force. The contentions in that particular are stated in the opinion. The conclusion announced was that said sections were not in conflict with the Constitution, but were valid and subsisting statutes on February 25, 1901, and, therefore, that there was a statute in force, at the time of the commencement of the action, creating a right of action for death by wrongful act.

Counsel for the defendant rely upon that case as decisive of the point here in controversy for the reason that if, as thereby declared, Section 3449 with its provision limiting recovery continued in force, then it becomes necessary to construe that section and Section 2582 together, and there is nothing in the latter section inconsistent with the former with respect to the amount of recovery, but that the only material change made in the law by Section 2582, so far as an action in case of death is concerned, was to declare and provide for enforcing a right of action where the death is the result of a violation of a particular statute by the owner or operator of a coal mine. Counsel for plaintiff do not deny the correctness of the decision aforesaid when limited to the questions that were reserved and

considered, but do deny that it is applicable to the case at bar, on the ground that the present action is brought under Section 2582, which section was not considered or involved in said decision. They say in their brief: "We do not contend that Section 3449 was repealed by what is now Section 2582, except as to cases arising for damages for injuries to persons in coal mines, like the case at bar. It must be assumed that the question raised by these reserved questions now before this court was not settled by the Mestas case, as that question was not then presented to this court."

To more definitely state the question here presented counsel for both parties agree that the several reserved questions are finally resolved into one, viz: "Is Section 3449 in force as to this case so as to limit the amount that may be recovered for the alleged injuries to the decedent resulting in his death to any reasonable sum not exceeding five thousand dollars?" But they do not agree upon the proposition that the first cause of action is brought or is maintainable under Section 2582. It is insisted on the part of the plaintiff that upon all the allegations of that cause of action the case is brought within said section; that as to the alleged acts and defaults other than those relating to a violation of the provisions of the coal mining statute the right of action is given by that clause in Section 2582 reading as follows: "Provided, That nothing in this section shall be so construed as to prevent the recovery of any lawful damages against the person or company operating mines if said company should be found in fault or shall have contributed to any accident by means of carelessness on their part." Counsel for defendant, on the other hand, contend that the clause thus quoted neither creates nor provides for enforcing a right of action, but merely saves the preceding provisions of the section from being construed so as to defeat an action if otherwise maintainable. Further, they contend that no such violation of the statute relating to coal mines is alleged as to authorize a recovery under Section 2582, and that therefore the only statutory provisions authorizing this

particular action are those found in Sections 3448 and 3449.

Whether by any of the provisions of Section 2582 an action for damages in case of death of a person injured in a coal mine is given or provided for in case of negligence generally, or only where the death is the result of a violation of, or a willful failure to comply with, the provisions of the chapter in which the section is found, is a matter purely of statutory construction involving no constitutional question, and therefore we have no authority upon this hearing to decide the question, since only constitutional questions are permitted to be reserved. (Laws 1903, Ch. 72.) Again the scope of our inquiry respecting the effect of the allegations of the petition is limited to ascertaining whether the questions reserved arise in the action, so as to authorize their presentation to this court for decision. Beyond that, the sufficiency of the allegations to support the action under Section 2582 as against a proper objection is immaterial, so far as this proceeding is concerned in the present state of the pleadings. We are satisfied that there is at least sufficient in the petition to require a consideration of the question whether the action, so far as it may properly be brought under Section 2582, is controlled as to the amount of recovery by Section 3449. The petition discloses an intention, we think, to charge a liability on account of the violation of the provisions of the statute referred to in Section 2582, and it is not for us to decide at this time whether such a liability is sufficiently charged or not. Owing to the necessity of eliminating these two questions the disputed question within our present jurisdiction to be determined may be stated to be whether, so far as this action is maintainable under Section 2582, it is controlled by the provision of Section 3449 limiting the amount of recovery. Although there does not seem to be any controversy respecting the application of Section 3449, except so far as the action is found to be maintainable under Section 2582, the question seems also to be involved whether the amount of recovery is controlled by Section 3449 in case

upon the facts alleged, the right to recovery will depend
not upon Section 2582 but solely upon Sections 3448 and
3449.

We do not think the case of Mestas v. Diamond Coal &
Coke Company, *supra,* is to be regarded as necessarily de-
cisive of the question before us, so far at least as the ques-
tion relates to the right of action under Section 2582.
That section was not called to the court's attention in the
case referred to and was not considered, but however
broad the reasoning in the case, the decision was confined
to the question whether Sections 3448 and 3449 were con-
tinued in force, notwithstanding the constitutional pro-
visions aforesaid, and, therefore, authorized an action to
be maintained for death by wrongful act. We perceive no
reason for departing from the conclusion reached in the
case, and we, therefore, adhere to it, but think it should
be understood as applying to actions sustainable alone under
Sections 3448 and 3449, and, if necessary, to be so quali-
fied, leaving other questions concerning the application and
effect of those sections to be decided as they arise. It may
therefore be said at this point that so far as this action
depends for a right to recover upon Sections 3448 and 3449,
the amount of recovery will be controlled by the limitation
contained in the last named section.

Without attempting the review *in extenso* the reasoning
upon which said limitation was held not repugnant to the
Constitution, we think it may aid the discussion of the other
question in the case to consider briefly the situation where
the application of the two sections last aforesaid is proper
independent of other statutory provisions relating to the
same or a similar remedy. Section 4 of Article IX of the
Constitution declares the liability of a party in fault to an
action for damages in case of the death of a person caused
by wrongful act, neglect or default, such as would have en-
titled the party injured, if death had not ensued, to main-
tain an action for damages in respect thereof, but the Con-
stitution does not provide the method of enforcing such

liability, that matter being expressly left to the Legislature; and, therefore, a statute providing the manner in which the right of action so declared shall be enforced is essential to render the section in that particular effectual. Standing alone the section referred to would not prevent a statutory limitation not obviously unreasonable upon the amount of recovery, for it declares merely a liability "to an action for damages." When that provision, upon the admission of the State, became a part of the fundamental law, the provisions now contained in Sections 3448 and 3449, having been previously enacted by the Legislature of the Territory, continued in force, except so far as modified or repealed by subsequent legislation, unless repugnant to the Constitution. The only provision of those sections suggested in this or the Mestas case, *supra,* as obnoxious to the Constitution is the one in Section 3449 limiting the recovery to five thousand dollars. It is clear that such provision was not repugnant to Section 4 of Article IX, for the reason above mentioned. The repugnance if any between it and the Constitution would only arise in consequence of Section 4 of Article X of that instrument, which declares that "no law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person." As clearly shown, we think, in the Mestas case, that provision operated only upon future legislation, and hence, so far as Section 3449 was in force at the time, it continued in force until further action by the Legislature either amending or repealing it. Upon and after the taking effect of the Constitution, therefore, in the absence of a statute making a different provision under which an action of the character now being considered might be brought and maintained, such an action would be controlled, including the amount of recovery, by Sections 3448 and 3449.

It is, however, contended by counsel for plaintiff that as to death resulting from injuries received in a coal mine, the provision limiting recovery had been repealed, or deprived of its force, by the act of 1886, which in Section 17

(Rev. Stat. 1887, Sec. 1655), contained substantially the same provisions now found in Section 2582, and that in respect of a death so occurring no statutory limitation upon the amount of recovery was in force when the Constitution went into effect. Whether the act of 1886 had any such effect or not would depend upon the construction to be given the provision declaring a right of action "for the direct damages sustained" in favor of the party injured, and a right of action in case of death in favor of the administrator "for like recovery of damages for the injuries they shall have sustained," referring to an injury occasioned by a violation of, or a willful failure to comply with, the provisions of the act; and concerning other negligent acts or defaults, if any right of action therefor was conferred by the act, which point we do not decide, the effect upon the earlier statute in the respect stated, would depend upon the meaning of the words "any lawful damages" as used in the section referred to. In other words, the question would be whether an action was authorized for the recovery of damages by the use of language inconsistent with the provision of the earlier statute limiting the amount. (See Elliott v. Brazil Block Coal Co., 25 Ind. App. 592; Hyde v. Southern R. Co., 31 App. Cas. D. C. 466.) We deem it unnecessary to decide this particular point, for our conclusion upon the question in controversy is based upon considerations quite independent of it.

Whether, without reference to the Constitution, the provisions of Section 2582 for the recovery of damages under the circumstances therein stated could properly be held to be limited as to amount by the general provision on that subject of Section 3449, or as authorizing a recovery independent of that provision, is likewise immaterial. Section 2582 and the other provisions of the same chapter were enacted in 1891 at the first session of the State Legislature, when legislative action was directed and controlled as to this matter by Section 4 of Article IX and Section 4 of Article X of the Constitution. By that enactment the re-

quirement of the Constitution that the Legislature shall provide by law for the manner of enforcing the right of action for damages in case of the death of a person caused by wrongful act, neglect or default was in part complied with. The statute is to be construed in the light cast upon the language by the Constitution, as well as by other legislation, and so as to give it operation consistent with the Constitution, if possible. (St. George v. Hardie, 147 N. C. 88; State v. McMillan, (Fla.) 45 So. 883; Wyatt v. Board of Equalization, 74 N. H. 552.) The motion giving rise to the order reserving the questions for decision is based on the proposition that a judgment for damages in excess of five thousand dollars would be contrary to law, and the question is whether under the law of this State the plaintiff is denied the right to recover damages in any event in excess of that sum. The determination of that question depends not alone upon the statute, but also upon the Constitution, that is to say the meaning and effect of its provisions on the subject as applied to this action. Assuming that the constitutional provision for a right of action in cases of this character was at first operative, either wholly or in part, by virtue alone of the statute previously enacted, and that the provision of that statute limiting the amount of damages continued in force because not repugnant to the Constitution, it is now to be decided whether, in view of the subsequent enactment of the provisions contained in Section 2582, the constitutional provisions are to be differently or more broadly applied as to actions provided for by that section, so as to avoid the former statutory limitation. This includes more than the mere construction of said section in connection with Section 3449 with reference to the language employed in each, and involves an interpretation of the Constitution and the application of its provisions, for the purpose of ascertaining whether, giving effect to such provisions, the limitation embraced in Section 3449 has lost any of its force, or can constitutionally be held to affect the present action. There is thus presented,

we think, a constitutional question within the meaning of the statute authorizing such a question to be reserved.

Applying to subsequent legislation the two provisions of the Constitution under consideration, it would be beyond the power of the Legislature in providing for enforcing a right of action for death caused by wrongful act to place a statutory limit upon the amount to be recovered. Section 2582 does not provide expressly any such limitation, but, without reference to some other statute that might qualify its provisions, it authorizes the recovery of damages unlimited as to amount, except by the ordinary rules of law affecting damages in such cases. It may be that, as contended, the language of the section is not so inconsistent with Section 3449 in this respect as to prevent the latter, if permitted to be applied, from controlling the amount of recovery. But Section 3449 cannot, in our opinion, be so applied, without bringing Section 2582 in conflict with the Constitution.

It is argued that Section 2582 is to be construed as in *pari materia* with Section 3449, and that as so construed it provides merely for recovery of damages, and does not therefore abrogate Section 3449, but leaves it in force to control in the matter of the amount of recovery. The effect of the argument is to require a construction of Section 2582 that would limit recovery. The rule that statutes *in pari materia* are to be taken and construed together is but one of the rules for ascertaining the intent of the Legislature. It is fundamental in statutory construction that the intention and purpose of the Legislature are to control. "The intent is the vital part, the essence of the law, and the primary rule of contsruction is to ascertain and give effect to that intent." (Lewis' Suth. Stat. Const., Sec. 363.) In 'construing statutes *in pari materia*, "they are to be compared, harmonized if possible, and, if not suspectible of a construction which will make all of their provisions harmonize, they are made to operate together so far as possible consistently with the evident intent of the latest enactment." (Id. Sec. 443.)

Although it is conceded, and must be, that since the Constitution became effective the Legislature could not enact a statute directly limiting the amount of recovery in this class of cases, it is proposed by the argument that the Court declare that an intent to do so is evident by the failure to state in unequivocal language in Section 2582 a contrary purpose; that the Legislature intended to provide for the recovery of a limited amount of damages only, by the employment of language permitting the former statute to prevail. But unless qualified by such other statute, there is nothing in Section 2582 which would justify an interpretation that it limits recovery to any specified amount; and as such a limitation, by force of the Constitution, could not then have been lawfully declared the court is not permitted to impute to the Legislature an intent to express by the language used anything less in this respect than it naturally and reasonably imports. By Section 2582, the Legislature having provided for the recovery of damages in certain cases where death has been caused by wrongful act, neglect or default, so far as that section operates, Section 3449, in respect of its provision limiting the amount to be recovered must be held to be abrogated or to have lost its force. Construed as a part of Section 2582, or reading its said provision into the latter section it would be unconstitutional, because such a construction would cause the law enacted subsequent to the Constitution to limit the amount of damages to be recovered, in violation of Section 4 of Article X of that instrument.

It was contended on the oral argument by counsel for the defendant that Section 2582 is unconstitutional for the reason that the act of which it formed a part violated Section 24 of Article III of the Constitution, which provides with certain stated exceptions that no bill shall be passed containing more than one subject, which shall be clearly expressed in its title. The same objection with reference to another section of that act (Sec. 2572, Rev. Stat. 1899) was considered in the case of Koppala *et al.* v. State, 15

Wyo. 398, 89 Pac. 576. The section involved in that case provided that certain intentional acts of a miner, workman or other person in and about a coal mine endangering the lives or health of persons, or security of the mine or machinery, should be punishable as a misdemeanor. Explaining the subject of the act, the nature and purpose of its provisions, it was said in the opinion:

"In reading the various sections and provisions of the act it is apparent that the object of the Legislature was to provide for the safety of coal mines and employees therein. That is the main subject of the act, and the details and methods provided are in furtherance of that object. Provisions are made as to how a mine shall be ventilated to avoid danger, and it is made the duty of the owner or agent to maintain ample means for ventilation; as to the amount of pure air necessary to be admitted to the mine for each person actually engaged therein; as to air passages to rid the mine of dangerous and noxious gases; that every place where gas is known to exist shall be examined, and it shall be unlawful for any miner to enter any mine or part of a mine generating fire-damp until it has been examined and reported safe, except when permitted to do so for the purpose of keeping the mine in a safe condition. It is also provided that a State Inspector of Coal Mines shall be appointed, whose duty is to examine coal mines, to see that the provisions of this chapter are carried out and to make record of such examinations showing the condition in which he finds them; especially in reference to ventilation and drainage, the number of mines in the State, the number of persons employed in each mine, the extent to which the laws are obeyed, the progress made in the improvement sought to be secured by the passage of this chapter, the number of accidents and deaths resulting from injuries received in and about the mine, with cause of such accident or death—said report to be made quarterly. It is unnecessary to enlarge further upon the provisions of the act. Enough has already been said to show its object and pur-

pose.  The provision for the appointment of the Coal
Mine Inspector and providing his duties were all in aid of
and in furtherance of the same general purpose by secur-
ing the services of one competent to see that the mines
were kept in proper condition, so as to preserve the health
and lives of those who are employed therein.".

It was held that the title of the act embraced but one gen-
eral subject, and that the section then under consideration
came within the scope and provision of the title.  We think
the decision as well as the reasoning of the opinion is op-
posed to the contention now made as to Section 2582.  In
Indiana, under a similar statute, a like objection was made
to a section containing substantially the provisions of our
Section 2582.  The title of the act in that State was as fol-
lows: "An act regulating the weighing of coal, providing
for the safety of employees, protecting persons and property
injured, providing for the proper ventilation of mines,
prohibiting boys and femlaes from working in mines, con-
flicting acts repealed, and providing penalties for viola-
tion."  The action was one for the recovery of damages
on account of a death of a person caused by the alleged neg-
ligence of a coal company.  The Indiana statute appears
to have contained many provisions similar to those in the
act here in question and some other provisions not contained
in the act before us.  After referring to the title and briefly
stating some of the provisions of the act the court said:

"An inspection of the statute clearly discloses that the
general subject, covered by the legislation therein, is one
concerning or relating to coal mines, and that the part
thereof which vests the right of action for a recovery of
damages arising out of the death of a person caused by
the violation of any of its provisions, or willful failure to
comply therewith on the part of the owner, operator, agent,
or lessee, in a widow or children of the deceased, or other
persons in the order named in the section in question, is
incidental or auxiliary to the principal subject upon which
the legislation is had; and, consequently, is a matter prop-

erly connected therewith. It is true that this statute may be said to embrace a plurality of objects or purposes which the Legislature had in view, and towards which, in order to carry them into effect, the legislation, under the act in question, was directed. It is obvious, however, that such legislation includes only one principal or general subject which, as previously said, is that concerning or relating to coal mines; and it is equally clear, we think, that the several provisions contained in the body of the act are matters or details incidental to this general subject, and as such, are properly connected therewith. * * * * The title of the law in controversy is not a model, and perhaps, is open to criticism. It at least may be said, however, that it substantially responds to the mandate of the Constitution. The form and terms employed in framing the title possibly operate to give expression, by parts, to the general subject to which the proposed legislation relates. When these parts, as expressed in the title, are taken and considered collectively, they constitute such a title as serves fairly to point out or disclose the general subject matter, coal mines, over which the Legislature proposes to legislate; and this renders it sufficient."

It was held that the title was sufficient and that the act did not embrace a plurality of subjects and was not open to the constitutional objections urged against it. (Maule Coal Co. v. Partenheimer, 155 Ind. 100.) That the provisions of Section 2582 are generally regarded as pertinent and germane to an act such as the one in question is evident from the fact that similar acts in many of the states contain like provisions. We conclude that the act in relation to the section under consideration is not unconstitutional on the ground suggested.

Inasmuch as it is improper for us in the present proceeding to determine whether all the allegations in the petition concerning the cause of death bring the case within Section 2582, or the extent to which any of them do so, the decision upon the reserved questions must be stated in a form

somewhat conditional, and without referring to each question separately. The conclusion we have reached has already been indicated. A recovery under Section 2582 will not be controlled by the provision in Section 3449 limiting the amount. In case a recovery upon the facts alleged is not authorized by Section 2582, but is authorized only by Sections 3448 and 3449, then the damages to be recovered cannot exceed five thousand dollars.

BEARD, J., and SCOTT, J., concur.

### ON PETITION FOR REHEARING.

POTTER, JUSTICE.

Counsel for defendant has filed a petition for rehearing, in support whereof it is contended that the court erred in the reasoning and conclusion set forth in the former opinion. No new point is presented, nor any question that was not considered by the court and fully and ably covered by the arguments of counsel at the former hearing. The question involved in the cause as it comes to this court is important and not free from difficulty, but after carefully considering and giving due weight to the arguments advanced by the brief in support of a rehearing, no doubt is entertained by a majority of the court as to the correctness of the decision heretofore announced and it is not believed at all probable that a rehearing would result in a different conclusion. We do not deem it necessary to again discuss the question at length, and shall not attempt to do so.

To avoid any possible misunderstanding of the ground upon which the decision was based, we think it proper to say at this time that it did not depend upon the legal correctness of certain statements contained in the opinion, which are criticized by counsel, to the effect that the section of the Constitution declaring the liability of the party in fault to an action for damages for death by wrongful act, neglect, or default would be ineffectual without a statute providing the manner of enforcing the right of action or liability (Art. IX, Sec. 4) ; and that the provisions of

Section 2582, Revised Statutes of 1899, were enacted pursuant to the section of the Constitution referred to, and amounted to a partial compliance with its requirement that "the Legislature shall provide by law at its first session for the manner in which the right of action in respect thereto shall be enforced." Any inaccuracy, technical or otherwise, of either of those statements would not disturb the conclusion upon the ultimate question that was presented, for the constitutional provision that vitally affected the question involved and the decision is that found in Section 4 of Article X, rather than Section 4 of Article IX, the former declaring that "No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person."

We are not however willing to concede the unsoundness of the statements alluded to as argued by counsel. The reference to the necessity of a statute providing the manner of enforcing the right of action may have been expressd too broadly, and in such language as to convey the impression that the court supposed it necessary, in order to render effectual the constitutional provision declaring the liability to an action for damages, that there should be a statute specially providing a form of procedure in such cases. That, however, was not the thought in the mind of the court at the time, nor do we conceive such a statute to be essential to the existence of a remedy in favor of the party entitled to enforce the liability. It was only intended by the statement referred to that the Legislature was required to designate the party to whom the liability should accrue or who might bring the action, and we remain inclined to that opinion. However, the point was not deemed very material and was not therefore closely considered, for the reason that a statute was in force when the Constitution took effect, and was continued in force by an express provision of that instrument, providing that every such action should be brought by and in the name of the personal representative of the deceased person; and the statute of

1890-91 (Sec. 2582, R. S. 1899), enacted after the adoption of the Constitution, which provided for the recovery of damages for the death of a person caused by a violation of, or a willful failure to comply with, the provisions relating to the operation of coal mines, declares that the right of action shall accrue to the administrator of the estate of the person whose life shall be lost.    But should the view in that particular of Section 4 of Article IX of the Constitution, as expressed in the opinion, be deemed erroneous, it is not properly to be regarded as a fundamental error inducing in any degree the conclusion upon the ultimate question that was submitted for decision.

The same comment is applicable to the reference in the opinion to the statute known at the time as Section 2582, Revised Statutes of 1899, as in part a compliance with the constitutional provision that the Legislature shall provide by law for the manner in which the right of action shall be enforced.    Conceding that the statute extended the right of action to acts or defaults not covered by the words employed in the Constitution, referring to an action for the death of a person injured, it provides to whom the right of action shall accrue where death occurs through a violation of, or a willful failure to comply with, the statutory provisions, and we are not convinced that in that respect and to that extent it may not properly be said that the statute was enacted pursuant to or in compliance with the Constitution.    It may be that without the statute so declaring, a right of action for death occurring through acts or defaults therein mentioned would not exist; but when it is so declared, such acts or defaults then become wrongful as the basis of an action if the death of the person injured ensues, so that the command upon the Legislature to provide by law for the manner of enforcing the right of action becomes pertinent and applicable, though it is of course true that without such a constitutional direction, and in the absence of anything in the Constitution restricting legislative action in that respect, the Legislature would have authority

to enact a statute making such provision. See Louisville Ry. Co. v. Raymond's Adm'r., (Ky.) 123 S. W. 281.) The Constitution itself provides that the Legislature shall provide by law for the proper development, ventilation, drainage and operation of all mines. (Art. IX, Sec. 2.) And that "for any injury to person or property caused by willful failure to comply with the provisions of this article or laws passed in pursuance hereof, a right of action shall accrue to the party injured, for the damage sustained thereby." (Art. IX, Sec. 4.) Immediately following this last mentioned provision is that for a right of action in all cases whenever the death of a person shall be caused by "wrongful act, neglect or default, such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof."

Notwithstanding that antedating the Constitution a similar statute had been enacted relating to the ventilation and operation of coal mines, the propriety cannot reasonably be questioned, we think, of referring to the statute of 1890-91, containing the provisions of Section 2582, as enacted pursuant to constitutional requirement, so far as least as it regulates the development, ventilation, drainage and operation of coal mines. And the fact that a part of Section 2582, viz: that part providing for a right of action in favor of the party injured for damages sustained through any violation of, or a willful failure to comply with, the provisions of the act, is substantially the same as the constitutional provision covering the same matter, does not disprove the assertion that the section of the statute mentioned was, connectedly with the remainder of the statute, passed pursuant to the Constitution or to carry out its provisions. Nor is the propriety of the statement that the statute, in the respect that it provides for an action for the death of the person injured, was in part a compliance with the direction contained in Section 4 of Article IX of the Constitution that a law be enacted for enforcing the action for death, disturbed by the consideration that the statute may cover

acts or defaults causing death, not covered by said section of the Constitution.

The general statute in force prior to the Constitution relative to the kind of action under consideration, which was known as Sections 3448 and 3449, Revised Statutes of 1899, provided that the action might be maintained by the personal representative of the deceased person when the death shall be caused "by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof." We are inclined to the opinion that the provision in question in Section 2582, Rev. Stat. 1899, created a new right of action, and this we understand to be conceded· in counsel's brief in support of a rehearing. This view assumes that the particular act or default causing death specified in Section 2582 as the basis of the action therein provided for would not be covered in the absence of negligence by the general words employed in Section 3448. But whether a new right of action was created or not, the later statute enacted after the Constitution had become operative provided that a right of action for the recovery of damages for the injuries sustained should accrue to the administrator of the estate of a person whose life shall be lost as the result of a specified act or default. Had the Constittuion not intervened, it may be conceded that it would have been imperative under the ordinary rules of statutory construction to consider all the provisions of the earlier and later statute together as *in pari materia,* and to give effect to the provisions of the earlier statute as applicable to the action under the later statute so far as the same could be done without violating the provisions of such later statute, and thus the meaning of such provisions might be explained or qualified. By such a construction· it might then perhaps have been proper to hold that the action for damages under Section 2582 would be limited as to the amount to be recovered by Section 3449 which had established a limitation

of five thousand dollars upon the damages to be recovered in every action provided for by Section 3448.

We are, however, required to consider in this connection not only Sections 3448 and 3449 of the statutes, but as well Section 4 of Article X of the Constitution, which expressly declares that no law shall be enacted limiting the amount of such damages. At the time Section 2582 was enacted that constitutional provision was in force, and must be regarded as affecting the construction of every statute upon that subject subsequently enacted. The Legislature cannot be held to have intended something beyond its authority in order to qualify the meaning of the language it has employed. It must be considered unquestionable that the Legislature could not, in enacting Section 2582, have constitutionally declared that the right of action thereby provided for should be for the recovery of damages not exceeding five thousand dollars or any other amount; and, therefore, it is not permissible to hold that such a provision was intended. It is true that it is not stated in the section in so many words that the damages shall be unlimited; but they would be unlimited, except as limited by the lawful proof, by the very force of the language employed, construing the section alone, because the provision is sufficient to allow the recovery of all damages of the character permitted by it which might be established by competent evidence.

It is argued that it might be conceded that as Section 3449, containing the limitation clause, was continued in force together with other statutes not in conflict with the Constitution, the limitation clause would apply not only to acts wrongful at the time it was enacted, but as well to acts subsequently made wrongful while continuing in force. But the difficulty in the way of applying it to the action under Section 2582 is that the section does more than merely describe what shall constitute a wrongful act. It prescribes expressly that in case of death resulting from the specified wrongs a right of action shall accrue for recovery of damages for the injuries sustained—or to use the words of

the statute "for like recovery of damages for the injuries
sustained," having reference to some preceding provision
of the section. The word "damages" as thus employed is
not qualified other than by the word "like" and the words
"for the injuries sustained" with which it is connected, and
necessarily means and embraces all damages that might be
lawfully proven, except as explained or qualified by the
words above referred to. This, in our opinion, renders
the limitation of Section 3449 inapplicable, or, if it other-
wise would apply, it is to be regarded as impliedly re-
pealed so far as the action provided for by the provision
now being considered of Section 2582 is concerned, be-
cause inconsistent with it. To say as counsel does in the
brief that the Legislature, when enacting Section 2582,
knew of the existing statute limiting damages, and also
must be held to have known the rule that the new statute
would not change existing statutes except where the in-
tention to do so is clearly manifest, and then to apply the
propositions to the statute in question so as to leave it sub-
ject to the limitation of the former statute, is to impute to
the Legislature an intention not only to refrain from repeal-
ing such limitation clause, but to provide that damages
might be recovered in the action provided for not exceeding
he amount limited by the former statute. And it is clear
that had they expressed such an intention in words it would
have been ineffectual because unconstitutional. It would
then clearly have been a statute limiting the amount of
damages, such as the Constitution prohibits. But to con-
strue the statute as having that meaning and effect would
be equally as obnoxious to the Constitution; and to so
construe it would require that the language employed be
given a restricted meaning on the ground that the Legisla-
ture so intended it. It is only on the theory that the
statute was intended to be made subject to the limitation
of the old statute that the latter could be regarded as ap-
plicable; and we have endeavored here and in the previ-
ous opinion to show the constitutional objection to the adop-

tion of such a theory in disposing of the question presented in this case. We believe that this amply explains the reasons leading to the conclusion heretofore announced. As remarked at the outset a majority of the court do not think a rehearing would be justified. Mr. Chief Justice Beard desires it to be stated that he has some doubt about the correctness of the decision and for that reason is in favor of granting a rehearing.          *          *Rehearing denied.*

SCOTT, J., concurs.