## INSURANCE COMPANY *v.* BRAME.

1. A. killed B., upon whose life there was a policy of insurance in favor of a third party. The company paid the insurance, and sued A. for the damages it had sustained by his act. *Held*, that the action does not lie at common law, or under the Civil Code of Louisiana, where the homicide was committed.
2. That code gives a right of action against the wrong-doer to certain relatives of the deceased, for injuries to the person resulting in death. At common law, an action for such injuries abates.

ERROR to the Circuit Court of the United States for the District of Louisiana.

This is an action by the Mobile Life Insurance Company against Brame, to recover the sum of $7,000.

The plaintiff alleged that it insured the life of one Craven McLemore, a citizen of Louisiana, for that amount in favor of third parties; that on the 24th of October, 1875, while its policies were in force, Brame did, in the town of Delhi, in Louisiana, wilfully shoot said McLemore, and inflict upon him a mortal wound, from the effects of which he died on the twenty-sixth day of that month; that the shooting was an illegal and tortious act on the part of Brame, and caused damage to the plaintiff in the amount of the policies on the life of the deceased, which amount the plaintiff acknowledges to be due, and a part of which has been paid.

An exception of the defendant to the plaintiff's petition was sustained, and judgment rendered in his favor. The company then brought the case here.

The Revised Civil Code of Louisiana contains the following articles : —

"ART. 2314. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive, in case of death, in favor of the minor children and widow of the deceased, or either of them, and in default of these, in favor of the surviving father or mother, or either of them, for the space of one year from the death."

"ART. 2316. Every person is responsible for the damage he occasions, not merely by his act, but by his negligence, his imprudence, or his want of skill."

"Art. 2324. He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable *in solido* with that person for the damage caused by such act."

*Mr. Charles E. Fenner* for the plaintiff in error.

The authorities agree that a man is responsible for any direct damage to another, resulting from his unlawful act. 1 Chitty on Plead., 125–130, 147; 1 Hilliard on Torts, 97; Field on Damages, sect. 599; *Scott* v. *Shepherd*, 2 Black., W. 892; *Reynolds* v. *Clarke*, Stra. 635; *Salsbury* v. *Hershinroder*, 106 Mass. 458; *Smith* v. *Rutherford*, 2 Serg. & R. (Pa.) 358; *Mott* v. *Hudson River Railroad Co.*, 8 Bosw. (N. Y.) 345; and particularly *Ricker* v. *Freeman*, 50 N. H. 420.

For the purposes of this case, it stands admitted that the act of defendant was unlawful; and it would be difficult to conceive of a more direct consequence than the damage done to the plaintiff. The damage is not only direct, but it is also a certain pecuniary loss, thoroughly appreciable in dollars and cents, according to scientific life-tables, which have been frequently recognized by the courts as proper standards in estimating such damage. Field on Damages, sect. 632; *Rowley* v. *London Railroad Co.*, 8 Law Rep. Ex. 221; *David* v. *Southwestern Railroad Co.*, 41 Ga. 223; *Donaldson* v. *Mississippi Railroad Co.*, 18 Iowa, 280; *Blake* v. *Midland Company*, 18 Q. B. 93.

*Hubgh* v. *New Orleans & Carrollton Railroad Co.*, 6 La. Ann. 495, and *Hermann* v. *Carrollton Railroad Co.*, 11 id. 5, are confined to actions for damages by relations of the deceased, and neither by their terms nor reasons extend to this action.

The amendment to art. 2294, now 2314, of the Civil Code of Louisiana does not affect the case, because it only applies to the right of action of the injured party for the damage done to him, and provides that the right, in case of his death, shall survive in favor of certain relatives.

*Connecticut Mutual Life Insurance Co.* v. *New York & New Haven Railroad Co.*, 25 Conn. 265, relied upon by the other side, is entitled to no greater weight as authority than results from the mere force of its reasoning. The present case is

governed by the law of Louisiana, which differs from the common law and from that of Connecticut.

A contract of life insurance is similar to a valued policy of fire or marine insurance. The insurer who has paid the loss has in either case the right to recover from the tortious destroyer of the thing insured.

Under the law of Louisiana, which does not differ from the French law in this particular, the right of action of the plaintiff results directly to him without the intervention of any doctrine of subrogation.

Arts. 2314, 2316, and 2324 of the Revised Civil Code of Louisiana fully sanction this action, unless excluded by some authoritative interpretation of them. There has been no such interpretation by the courts of Louisiana which applies either in terms or reasons to this case.

*Mr. John H. Kennard, contra.*

It is the general rule that a party is not liable *civiliter* for taking human life, or for any damages resulting therefrom. *Connecticut Mutual Life Insurance Co.* v. *New York & New Haven Railroad Co.*, 25 Conn. 265. The exceptions to this rule under the Civil Code of Louisiana have no relation to any other parties than the relatives of the deceased.

MR. JUSTICE HUNT delivered the opinion of the court.

The argument of the insurance company is that the killing of the deceased was an injury to or violation of a legal right or interest of the company; that, as a consequence thereof, it sustained a loss, which is the proximate effect of the injury.

The answer of the defendant is founded upon the theory that the loss is the remote and indirect result merely of the act charged, that at the common law no civil action lies for an injury which results in the death of the party injured, and that the statutes of Louisiana upon that subject do not include the present case.

The authorities are so numerous and so uniform to the proposition, that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the State

courts, and no deliberate, well-considered decision to the contrary is to be found. In Hilliard on Torts, p. 87, sect. 10, the rule is thus laid down : " Upon a similar ground it has been held that at common law the death of a human being, though clearly involving pecuniary loss, is not the ground of an action for damages." The most of the cases upon the subject are there referred to. *Baker* v. *Bolton et al.*, 1 Camp. 493 ; *Connecticut Mutual Life Insurance Co.* v. *New York & New Haven Railroad Co.*, 25 Conn. 265 ; *Kramer* v. *Market Street Railroad Co.*, 25 Cal. 434 ; *Indianapolis, Pittsburg, & Cleveland Railroad Co.* v. *Kealy*, 23 Ind. 133 ; *Hyatt* v. *Adams*, 16 Mich. 180 ; *Shields* v. *Yonge*, 15 Ga. 349 ; *Peoria Marine & Fire Insurance Co.* v. *Frost*, 37 Ill. 333. The only cases that tend to the contrary of this rule, so far as we know, are *Cross* v. *Guthery*, 2 Root (Conn.), 90, *Plummer* v. *Webb*, Ware, 69, and *Ford* v. *Monroe*, 20 Wend. (N. Y.) 210. They are considered by the New York Court of Appeals in *Green* v. *The Hudson River Railroad Co.*, 2 Keyes (N. Y.), 294, and compared with the many cases to the contrary, and are held not to diminish the force of the rule as above stated. In that case, the plaintiff alleged that, on the ninth day of January, 1856, his wife was a passenger on the defendants' road, and by the gross carelessness and unskilfulness of the defendants a collision occurred, by means of which his wife was killed, " whereby he has lost and been deprived of all the comfort, benefit, and assistance of his said wife in his domestic affairs, which he might and otherwise would have had, to his damage," &c. A demurrer to this complaint, upon the ground that the facts alleged constituted no cause of action, was sustained by the New York Court of Appeals.

In *Hubgh* v. *New Orleans & Carrollton Railroad Co.*, 6 La. Ann. 495, the same principle was decided, and in the same manner. In giving its opinion, the court say : " The exception of the defendants presents the question whether the death of a human being can be the ground of an action for damages." Not being satisfied with this decision, Messrs. Ogden & Duncan asked for a rehearing, the argument for which is reported in the same volume, pp. 498–508. It was denied in an elaborate opinion delivered by Chief Justice Eustis.

In *Hermann* v. *Carrollton Railroad Co.*, 11 id, 5, this principle was again affirmed in an opinion by Chief Justice Merrick.

It is only necessary to refer to one other case, involving the same principle as those already cited, but in its facts more closely resembling the case under consideration.

In *Connecticut Mutual Life Insurance Co.* v. *New York & New Haven Railroad Co.*, *supra*, the declaration alleged that on the twentieth day of March, 1850, the plaintiffs had outstanding and in force a policy of insurance for $2,000 upon the life of Samuel Beach; that Beach was on that day a passenger on the defendants' road; that the defendants so carelessly, negligently, and unskilfully conducted themselves that the train on which Beach was riding was thrown down a bank into the river; that Beach was greatly wounded and bruised, by means whereof he then and there died, by reason of which the plaintiffs were compelled to pay to his administrators the sum of $2,000 upon the said policy.

The allegation of the present plaintiffs is that Brame tortiously and illegally took the life of McLemore by shooting him. This is open to the inference that the act of Brame was felonious. The case in Connecticut is based upon the allegation of negligence and carelessness, and is the more favorable to a recovery, in that it avoids the suggestion existing in the present case, that the civil injury is merged in the felony. The Supreme Court of Connecticut held that the action could not be sustained.

We have cited and given references to the important cases on this question; they are substantially uniform against the right of recovery.

Upon principle, we think, no other conclusion could be reached than that stated. The relation between the insurance company and McLemore, the deceased, was created by a contract between them, to which Brame was not a party. The injury inflicted by him was upon McLemore, against his personal rights; that it happened to injure the plaintiff was an incidental circumstance, a remote and indirect result, not necessarily or legitimately resulting from the act of killing. As in *Rockingham Insurance Co.* v. *Mosher*, 39 Me. 253, where an

insurance company brought suit against one who had wilfully fired a store upon which it had a policy of insurance, which it was thereby compelled to pay, it was held that the loss was remote and indirect, and that the action could not be sustained. In *Ashley et al.* v. *Dixon*, 48 N. Y. 430, it was held that if A. is under a contract to convey his land to B., and C. persuades him not to do so, no action lies by B. against C. So a witness is not liable for evidence given by him in a suit, although false, by which another is injured. *Grove* v. *Brandenburg*, 7 Blackf. (Ind.) 234; *Dunlap* v. *Gledden*, 31 Me. 435. And in *Anthony* v. *Slaid*, 11 Metc. (Mass.) 290, a contractor for the support of town paupers had been subjected to extra expense in consequence of personal injury inflicted upon one of them; and he brought the action against the assailant to recover for such expenditure. The court held the damage to be remote and indirect, and not sustained by means of any natural or legal relation between the plaintiff and the party injured, but simply by means of a special contract between the plaintiff and the town. Some text-writers are referred to as holding a different view, but we are not cited to any case in this country or Great Britain where a different doctrine has been held.

By the common law, actions for injuries to the person abate by death, and cannot be revived or maintained by the executor or the heir. By the act of Parliament of Aug. 21, 1846, 9 & 10 Vict., an action in certain cases is given to the representatives of the deceased. This principle, in various forms and with various limitations, has been incorporated into the statutes of many of our States, and among others into that of Louisiana. It is there given in favor of the minor children and widow of the deceased, and, in default of these relatives, in favor of the surviving father and mother. Acts of La., 1855, pr. 223, p. 270. The case of a creditor, much less a remote claimant like the plaintiff, is not within the statute.

In each of the briefs it is stated that the defendant was tried for the homicide, and acquitted. In the view we take of the case, the fact of a trial or its result is a circumstance quite immaterial to the present question, however important it may have been to the defendant.          *Judgment affirmed.*