## Nixon v. Ludlam.

1. Injuries—*Death—Wrongful Act, etc.—Action for, at Common Law.*—At common law no civil action could be maintained for the death of a human being caused by the wrongful act or negligence of another, or for any damages suffered by any person in consequence of such death.

2. Injuries—*Death, etc.—Action Under Statutes.*—It is only by virtue of the statute that a civil action can be maintained for damages accrued subsequently to, and suffered in consequence of, the death of an individual, and the right of action for such damages is confined by the statute itself, to the personal representatives of the deceased.

3. Injuries—*Death—Right of Action — Surviving Husband.*—The surviving husband, as such, can not maintain an action for damages on account of the death of his wife caused by a wrongful or negligent act. He is not, however, barred either at common law or by the statute, from a recovery for those damages which accrue prior to the death.

His right of recovery for all damages accruing to him before the death is well recognized, and his right of action for such damages does not abate by her death.

4.   MALPRACTICE—*Right of Surviving Husband to Recover.*—The surviving husband has a right to recover for the loss of the services of his wife during the time that she survived the operation complained of, and for any consequent expense he was put to in caring for and treating her during the time she languished.

**Memorandum.**—Action to recover damages for the death of a wife resulting from a surgical operation. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Judgment for defendant on demurrer to the declaration; plaintiff brings the record here upon a writ of error. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed June 14, 1893.

The statement of facts is contained in the opinion of the court.

BRIEF OF PLAINTIFF IN ERROR, W. S. COY AND D. BLACKMAN, ATTORNEYS.

The plaintiffs contended that a husband may have an action on the case against a surgeon, growing out of a contract with him to perform a surgical operation on his wife, for malpractice, which results in her death, if that was not instantaneous.   Citing Hare on Contracts, on pages 126, 127, 128, 129, 130, 154 and 155; Green v. Hudson R. R. Co., 2 Keyes, 294, and 28 Bar. 9; Hyatt v. Adams, 16 Mich. 180; Long v. Morrison, 14 Ind. 595; Mowry v. Chancy, 43 Ia. 609; Carey v. Berkshire R. R. Co., 1 Cush. 475; Cooley on Torts, 266.

BRIEF OF DEFENDANTS IN ERROR, JOSEPH B. LEAKE, ATTORNEY.

The defendants contended that the action must be sustained, if at all, under the common law.   There is no statute authorizing it.   No civil action will lie at common law for causing the death of a human being.   Citing Blackstone, book 3, p. 119; Cooley's Blackstone, 118, note; 1 Chitty's Pleading, 68; Knox, Adm'r, v. City of Sterling, 73 Ill. 215; Hilliard on Torts, Ch. III. Sec. 10; Sedgwick on Damages, 644; Shearman & Redfield on Negligence, Sec. 290, and note; Dennick v. Railroad Co., 103 U. S. 21.

Nixon v. Ludlam.

OPINION OF THE COURT, SHEPARD, J.

This was an action in case to recover damages suffered by the plaintiff for the loss of the services, solace and society of his wife, in consequence of the alleged unskillful performance by the defendant, who was a surgeon, of a surgical operation upon her, whereby her death ensued within two days after the operation was performed, and for the expense the plaintiff was put to "in and about the treatment of his said wife and her burial," and for injury to " his feelings and health."

To the declaration, a general demurrer was interposed and sustained, on the ground, as stated in the brief of plaintiff in error, that the declaration stated a case of the instantaneous death of the wife. Were such the effect of the declaration the sustaining of the demurrer would have been proper.

At common law, no civil action could be maintained for the death of a human being caused by a wrongful act or negligence of another, or for any damages suffered by any person in consequence of such death. Hyatt v. Adams, 16 Mich. 179.

It is only by virtue of the statute that a civil action may be maintained for damages accrued subsequently to and suffered in consequence of the death, and the right of action for such damages is confined by the statute itself, to the personal representatives of the deceased.

The surviving husband, as such, can not maintain an action for such damages. He is not, however, debarred either at common law or by the statute, from a recovery for those damages which accrued prior to the death. Indeed his right of recovery for all damages accruing to him before the death is well recognized, and his right of action for such damages does not abate by her death. Hyatt v. Adams, *supra*.

Therefore, it appearing by the declaration that the wife survived the operation for the space of about two days, it was error to sustain the demurrer.

The right to recover for the loss of her services during the time that she survived the operation, and for any consequent

expense he was put to in caring for and treating her during the time she languished, can not be questioned.

That the plaintiff claimed in his declaration damages for the expense of her burial, and by reason of injury to his feelings and health, which, under the authorities, he can have no redress for, is no sufficient reason for sustaining the demurrer.

Objection to evidence concerning, and recovery for, such damages, can be properly availed of at the trial and before judgment; and the objection that a declaration claims too much, if it has a single good ground for recovery, can not be made by general demurrer. Fisk v. Hicks, 31 N. H. 535.

The judgment of the Circuit Court will therefore be reversed and the cause remanded.