# TERESA BORRERO

*v.*

# COMPANIA ANONYMA DE LA LUZ ELECTRICA DE PONCE.

---

OPINION ON DEMURRER TO THE DECLARATION.

By the common law no civil action lies for an injury through negligence
resulting in death. But by the civil law in force in Porto Rico, as
construed by the supreme court of Spain, which was the supreme tri-
bunal as to the construction of law applicable to Spanish possessions,
it does lie.

January 14, 1903.

---

*Mr. C. M. Boerman* for plaintiff.

*Messrs. Keedy & Belaval* for defendant.

HOLT, Judge, delivered the following opinion:

This is an action by the plaintiff, Teresa Borrero, who is a
widow, for damages for the death of her son, who was not in the
employ of the defendant company, through its alleged negli-

---

*Death—action for.* As to common-law right of action of parent for
loss of service of child killed, see editorial note to Gulf, C. & S. F. R. Co.
v. Beall, 41 L. R. A. 807; as to the number of distinct causes of action aris-
ing from injuries resulting in death, see editorial note to Louisville & N.
R. Co. v. McElwain, 34 L. R. A. 788; as to liability of railroad receiver
for negligence resulting in death, see editorial note to Turner v. Cross,
15 L. R. A. 262.

Borrero v. Compañia Anonyma de la Luz Electrica.

gence. It is averred that the defendant was in control of the electric wires in the streets of Ponce, used for lighting the city; that it negligently permitted a wire to hang loose, the end of it nearly touching the sidewalk, and that her son, coming in contact with it, was killed almost instantly. The case is submitted upon a general demurrer to the declaration. The question is presented whether, under the existing law in Porto Rico, an action can be maintained for the death of a person through negligence. The declaration does not aver the age of the deceased; but under the law of Porto Rico children are bound to support the parent without regard to their age.

By the common law, no civil action lies for an injury which results in death. *Actio personalis moritur cum persona.* Whatever dispute may have once existed over it, this is to be regarded as the rule definitely settled by the Supreme Court of the United States. Mobile L. Ins. Co. v. Brame, 95 U. S. 756, 24 L. ed. 582.

The rule was again stated in the case of The Harrisburg (The Harrisburg v. Richards) 119 U. S. 199, 30 L. ed. 358, 7 Sup. Ct. Rep. 140, and in which it was held that no such action lies in a United States court under the general maritime law. Where the common law prevails, and the right to sue in case of death exists, it is solely by virtue of statute. In England the act of Parliament of 1846, commonly known as "Lord Campbell's act," first gave the right; and it has served as a model for subsequent legislation on this subject. In most, if not all, of the states of the United States this right has been given by statute. The act, however, creating civil government in Porto Rico, of April 12th, 1900, provided that the existing laws of Porto Rico should continue in force except as therein altered, and as altered by military orders in force May 1st, 1900, and so far as they were not inconsistent with the statutory laws of

the United States locally applicable. The question is, therefore, to be considered with a view to the mixed system of law prevailing here. The question is *res nova* in this court. The civil law, so far as it existed in Porto Rico, has, as above modified, been continued in force.

Writers on international law, especially Grotius, recognized liability in case of death by negligence, to make reparation to those whom the deceased was bound in duty to maintain. Pufendorf and other writers upon natural law maintain the same; and it is said that natural equity and the general principles of law favor such an action. Domat, in his work on Civil Law, recognizes this as the true rule. The opinion of the Supreme Court of the United States in the case of The Harrisburg, recites that it is said that by the civil law such an action may be maintained, but that this is denied by the supreme court of Louisiana. There is no question but what under the French law it lies. Whatever the rule may be, however, the law of Porto Rico as derived from Spain must be decisive of the question in this jurisdiction. The local legislature has not provided for the case.

The Civil Code of Porto Rico, article 1902, provides: "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done." There is no express provision as to the right to sue in case of death. Under the practice formerly existing in Porto Rico, in a proper case the law provided for, not only criminal proceedings, but for indemnification on account of the unlawful act to those entitled to it, all in the same proceeding; but those entitled to the civil indemnity could decline to proceed with the criminal action, and yet sue for civil liability. Article 16 of the Penal Code provided that one liable for a misdemeanor was also liable civilly. Both the penal and civil liability could be determined in the same proceeding; and article 123 pro-

Borrero v. Compañia Anonyma de la Luz Electrica.

vided: "The action to demand restitution, reparation, or indemnification is also transmitted to the heirs of the person injured." The supreme court of Spain in the case of Juana Alonzo Celada against Manuel Chacon and Cándido Lara, in December, 1894, held that under the then existing Spanish law the action could be maintained. This court was the supreme tribunal as to the construction of Spanish law and the civil law so far as existing and applicable to Spanish possessions. Regard should be had, in my opinion, to its authority, and in view of this provision of the law and of this ruling, the demurrer herein is overruled.