## MARSH v. ALJOE, ET AL.
(No. 1607; Dec. 10, 1929; 282 Pac. 1055)

120

For the respondent there was a brief by *I. G. McCann* of Casper, Wyoming, in support of motion to dismiss appeal.

For the appellant there was a brief by *Wm. O. Wilson,* Attorney General, and *Richard J. Jackson,* Assistant Attorney General, in resistance of the motion.

RINER, Justice.

This case, here by direct appeal, has been submitted upon respondent's motion to dismiss. The proceeding

below was one instituted under the Workman's Compensation statutes of this state and resulted in two awards totalling $4635.81 in favor of the respondent, who was the alleged employee and the claimant in the District Court. These awards were made on the 24th day of May, 1929, and the orders allowing them were also on that day filed in the office of the clerk of that court.

Thereafter and on June 3, 1929, William H. Edelman, as Treasurer of the State of Wyoming, filed his petition stating that the orders of award aforesaid were received in his office on May 27, 1929, and requesting, upon various grounds in said petition specifically set forth, that the trial court enter an order reopening the case. This the court declined to do, and an order to that effect was made on July 18, 1929, filed July 20, 1929, and apparently entered on the journals of the court on the 22nd of that month. It is from this order that this appeal is prosecuted by the State Treasurer.

On July 30, 1929, the officer last mentioned served upon respondent's counsel a notice of appeal, which was on the same day filed in the clerk's office of said District Court. Subsequently and on August 16, 1929, upon the written application and showing of the appellant, he was, by a court order, granted thirty days from August 17, 1929, within which to perfect and file in the case in the proper court his record on appeal. On September 11, 1929, likewise upon appellant's written application and affidavits, another extension of time to perfect and file the record in the case was granted, allowing him thirty days from September 16, 1929. The record on appeal herein was, on October 7, 1929, filed in the office of the Clerk of the District Court of Natrona County, and on October 12, following, it was lodged in this court.

The first ground of the motion to dismiss, is that the appeal in this case was not perfected as required by Section 4328, Compiled Statutes of Wyoming 1920, it being

insisted that the order attacked could only be reviewed by proceedings in error as modified by Section 4328, supra. But counsel has overlooked the language of this court in State v. Scott, 34 Wyo. 163, 242 Pac. 322, 325, where it was remarked:

"It has already been held by this court, and we think correctly, that, since writs of error have been unknown in our practice for many years, having been expressly abolished by statute, and other provision made for transferring the cause and a record of the proceedings therein to the appellate court for review on error, the words 'writ of error' where and as used in the direct appeal statute, particularly in the first section thereof (6401, C. S. 1920), must be understood as intended to refer to a proceeding in error. Bock v. Nefsy, 29 Wyo. 33, 207 Pac. 1008. And that such was the intention of the legislature when enacting the so-called direct appeal statute was made clear by the last section of the act, above quoted, (Sec. 6415), which declares that the provisions of the act are intended to provide for a direct appeal from the District Courts as a separate and independent method, 'in addition to the provisions of law' then existing for reviewing civil and criminal causes 'in the Supreme Court on proceedings in error.' * * *
"The direct appeal statute declares a definition of 'writ of error,' wherever used in any law of the state in the sense of 'proceeding in error,' as including 'appeal.' "

Again in the later case of Standard Oil Co. v. Buchanan, 39 Wyo. 372, 271 Pac. 876, 877, where the question of the necessity for a motion for a new trial in a workmen's compensation case brought up by proceedings in error was considered, it was said:

"If we should hold that no motion for a new trial is ever necessary, in workmen's compensation cases, when the proceeding in this court is by petition in error, we should also be forced to hold that no notice of appeal would be necessary in direct appeals. And we are not prepared to so hold. There is nothing in the statute indicating that such was the intention of the legislature, and

it would seem to be clear that in view of the provisions of Section 4328, supra, we are forced to hold that, except as otherwise provided by statute, the rules of procedure on appeal governing in ordinary civil cases should be applied in cases under the Workmen's Compensation Act. To hold otherwise would seem to lead to judicial legislation.''

This language could hardly have been used if the direct· appeal statute were not regarded available as a method of review in this class of cases. In our judgment it is available and its provisions relative to procedure may be followed, except where they have been altered by statute. The State Treasurer having been vested with the right of appeal from an order refusing to reopen the case under the Workmen's Compensation Act (Laws of 1927, c. 111, Sec. 14), and such an order, being one where the manner of its review has been fully provided for by law, the cited case of Midwest Hotel Company v. State Board of Equalization, 39 Wyo. 461, 273 Pac. 696, is not in point.

· The second ground of the motion is that the District Court was without power to make the second extension order, which gave appellant thirty days after September 16, 1929 in which to perfect his appeal to this court, that the time for filing the record expired on September 17, and that the record was not filed until October 12th following. Our attention is directed to utterances of this court to the effect that the Workmen's Compensation Law contemplates a speedy disposition of cases of this kind, and to the language of Section 4328, supra, reading:

''The petition in error, bill of exceptions and record on appeal must be filed in the Supreme Court within thirty (30) days from the date of decision or order on motion for new trial by a court or judge, unless the time be extended by order of court or judge.''

It is said that this statute contemplates but one order of extension of time for filing the record here. Just how

this suggested construction of the statute would aid in speeding up the cause is not pointed out and we are not cited to any authorities touching the matter. Obviously an extension of time could be made by a single order, if the circumstances required it and the court thought fit to do so, for a much greater period than that covered by two separate and successive orders. Where the statute read:

"Bills of exception may be signed in any cause pending in any of said courts at any time within thirty days from the rendition of the verdict of the jury or the findings of the court upon the issue of fact in said cause, but not thereafter, unless the time for signing said bill of exception shall have been previously extended by order of court or by consent of the parties,"

in Carter v. Maryland etc. Co., 112 Md. 599, 77 Atl. 301, 305, the court said:

"Although this court has repeatedly emphasized the importance of having bills of exception prepared and signed promptly while the recollection of the facts involved in them is fresh in the minds of the court and counsel, it has in several cases recognized the power of the court below to grant successive extensions of time for that purpose where the first extension is made before the expiration of the term and each subsequent one is granted before the expiration of the next preceding one."

See also Edelhoff v. Horner-Miller etc. Co., 86 Md. 595, 39 Atl. 314.

As we view it, the statute in question can not be limited as contended by appellant. Such a construction would come dangerously close to judicial legislation. Doubtless the legislature considered that the District Courts of this state, bearing in mind the announced policy of the law touching the speedy disposition of cases under it, would not act unreasonably in the allowance of time extensions for filing records on appeal here. It is not urged that the court below acted so as to abuse the discretion vested in

it in this matter, and such a contention could not very well be made. The situation submitted to the District Court upon which the second extension was granted, was to the effect that counsel, charged with the duty of perfecting the appeal, was for five weeks in a hospital where he had submitted to a serious surgical operation.

The third and last ground presented by the motion is that the Attorney General of this state, his deputy and assistants, are required to represent the respondent in this court as a part of his and their official duties and that they should not be permitted to serve as counsel for the State Treasurer. We are cited to that portion of Section 4328, supra, which reads:

"The proceedings in the Supreme Court shall be conducted on behalf of the injured workman by the Attorney General of the state as a part of his official duties, and by other attorney representing said workman."

In disposing of this subdivision of the motion, it is sufficient for us to say that it is apparent from this record that the Attorney General is acting in the present matter by virtue of Section 7 of chapter 111, Laws of 1927, which specifically provides *inter alia*, as follows:

"The Attorney General or his deputy or assistant shall act as the attorney of the State Treasurer in all cases."

This section is that in which the State Treasurer is vested with the right of appeal from an order declining to reopen a workmen's compensation case, as already indicated.

It is a familiar and elementary rule of statutory construction, that if it is not possible to reconcile inconsistent statutes, the dates of their enactment will be consulted in determining the legislative meaning and effect given to the later one. See United States v. Tynen, 78 U. S. (11

Wallace) 92, 20 L. Ed. 153; Sedgwick on Statutory Construction, 125; State ex rel. Attorney General v. Heidorn, 74 Mo. 410; Bramham v. City of Durham, 171 N. Car. 196, 88 S. E. 347; In Re Ogilvie's Estate, 291 Pa. 326, 139 Atl. 826; State v. Anderson, 191 Wisc. 538, 211 N. W. 938.

It is plain, we think, that when, under the statutes as they now stand, the duty owed by the Attorney General and his assistants to the claimant, under Section 4328, supra, to conduct the proceedings in this court in the latter's behalf, conflicts with that owed the Treasurer of the State of Wyoming in such proceedings, the duty first mentioned must yield and the right of the Treasurer to the services of the Attorney General is paramount. In the instant case the claimant is represented by counsel, unconnected with the Attorney General's office, and his interests are therefore fully protected. Other reasons exist which lead to the same result on this point, but we do not deem it necessary to extend this opinion further.

It results from what has been said that the motion to dismiss should be denied.

*Motion Denied.*

BLÜME, C. J., and KIMBALL, J., concur.