GALE ET AL. v. SCHOOL DISTRCIT NO. 4 ET AL.

(No. 1939; February 18, 1936; 54 Pac. (2d) 811)

For the defendants and appellants the cause was submitted on the brief of *J. A. Greenwood* of Cheyenne.

There was no appearance for plaintiffs and respondents.

RINER, Justice.

In this case the plaintiffs as residents and taxpayers in School District No. 4 in Laramie County, Wyoming, brought suit in the district court of said county against the defendants, the School District above named and three individuals, who are described in the plaintiff's amended petition as respectively the Chairman, Clerk and Treasurer of that corporate body. Dissatisfied with a part of the judgment rendered below, the de-

fendants have brought the record here for review by direct appeal. The plaintiffs, although they filed a notice of appeal with reference to that portion of the judgment adverse to them, have done nothing further, are not represented by counsel and have filed no brief in this Court.

The action was brought to recover from them, and each of them, certain sums of money alleged to have been expended unlawfully by the defendants during the school years 1933-1934 and 1934-1935, through asserted overpayments made for the transportation of school pupils in said District; also to recover a stated amount for pupil transportation expense claimed to be due the plaintiff Conrad during the school year 1933-1934; and further for an injunction restraining said defendants "from the commission or continuation" of the acts alleged in plaintiffs' amended petition to be unlawful, these being, to state them shortly, the expenditure and threatened expenditure by the defendants of amounts in excess of $10.00 per month per pupil for transportation and maintenance within the said District or adjoining Districts in lieu of establishing or maintaining schools therein. An answer, consisting chiefly of sundry admissions and denials, by the defendants, and a reply by the plaintiffs, in form a general denial of any new matter set out in said answer, were filed.

The case was tried to the court without a jury and the judgment in question entered, wherein a recovery of any amount whatsoever from the defendants, or any of them, was denied plaintiffs, but it was also "ordered, adjudged and decreed that the defendants be and they are hereby permanently enjoined and restrained from spending of the funds of School District No. 4 in excess of $10.00 per month per pupil to pay for the transportation of elementary or high school

pupils of School District No. 4 to other schools within the district or in another school district in lieu of establishing or maintaining schools within said district, and for maintenance, including board and room, of said pupils while attending any other school within the district or in an adjoining district." To this part of the judgment defendants were given an exception and from it they have appealed.

It is established by the record in the case that at the time the trial was had and the judgment was entered, the defendants had taken all necessary steps to provide transportation or maintenance exceeding $10.00 per month per pupil for certain elementary or high school pupils within that district or adjoining districts in lieu of establishing or maintaining schools within said School District No. 4. These pupils are referred to generally as "isolated" pupils, although not always, that term being explained by the Treasurer of the District in his testimony as follows:

"Q. What do you mean by an isolated pupil, Mr. Willadsen?

A. That is one that lives off the roads part of the way, or where there is only one pupil to maintain a school for. That would be an isolated pupil.

*  *  *  *  *  *

Q. Is the term 'isolated' applied to those who are at some distance from a school or that are more expensive to handle—which is it?

A. It might apply both ways."

For the purpose of the subsequent discussion, the situation as above stated will constitute an all sufficient recital of the facts in the case needful to be kept in mind. As counsel for the defendants stated to the trial court, there is really but one question to be decided, and that is the construction which should be placed upon the amendment of Section 99-317 W. R. S., 1931, contained in Chapter 136, Section 1, of the Laws of

Wyoming, 1933. (Legislative Session convening January 10, 1933.) The Section of the Revised Statutes cited enumerates the powers of qualified electors of School Districts when in meeting assembled, and the sub-division thereof numbered "3" in that compilation originally read:

"To determine the number of schools which shall be established in the district, and the length of time each shall be taught."

Chapter 136, aforesaid, which was enacted to take effect "from and after its passage," was approved by the Governor February 27, 1933, and added to the language of the third sub-division quoted above, the following:

"and whenever it shall be more economical, to provide transportation or maintenance not to exceed ten dollars per month per pupil for elementary or high school pupils within the district or in adjoining districts, in lieu of establishing or maintaining schools within said district; provided, provision for such transportation or maintenance shall be by adoption of a resolution reciting the total amount provided for and the amount of expenses which will be saved and which would otherwise be necessary in the establishment or maintenance of designated schools within the district;"

Appellants in their brief have directed our attention to that part of Article VII, Section 1 of the Constitution of Wyoming, which reads:

"The legislature shall provide for the establishment and maintenance of a complete and uniform system of public instruction, embracing free elementary schools of every needed kind and grade, * * *."

Certain statutes also are cited as having some bearing upon the question to be considered, viz.: the first sentence of Section 99-334 W. R. S., 1931, whose language is: "The public schools of each school district of the state shall at all times be equally free and accessible to all children resident therein over six and under the age of twenty-one years, subject to such regulations as the

district board in each district may prescribe;" Section 99-820 W. R. S., 1931, as amended by Chapter 63 of the Laws of Wyoming, 1933, supra, relating to the compensation of drivers on transportation routes established by school districts for their pupils and enabling such districts to participate in the county school tax and county school fund, as well as in the government royalty fund, upon certain bases therein set forth; that portion of Section 99-325 W. R. S. 1931, which provides, "and when it appears to the satisfaction of the district board of any district that elementary school pupils can be better provided for in other districts, or in other schools in the same district, the district boards of the districts in which the pupils reside shall pay, from the funds of the district, tuition and shall have power to pay all or part of the board and room;" and the language of Section 99-822 W. R. S. 1931, to the following effect: "All transportation routes established under the provisions of §§ 99-820 to 99-824 shall be bona fide routes ,and their course shall be such as to provide for the transportation of the largest number of children compatible with economy, the contour settlement of the country and the comfort and safety of the children being transported."

The appellants contend that viewing all these statutes in their entirety, "the provisions of Chapter 63, Session Laws of Wyoming, 1933, do not place a limit on the amount that a school district can spend for transportation, the operation of buses and the employment of drivers and a school district can employ a driver, purchase and operate a vehicle to transport one or more children to school, paying any sum therefor which is authorized by the District Meeting." Referring to the amendatory language of Chapter 136, quoted above, they maintain that thereby the Legislature intended to provide only "an additional method whereby school districts could provide for the saving

of funds," while not impairing the efficiency of the district schools, and accordingly urge, "until such time as the School District Meeting adopts a resolution in keeping with the provision of this amendment, all the other laws in force pertaining to the same subject in connection with the management of the school district affairs in effect at the time this act was adopted should be given full force and consideration as not being in any way modified by the adoption of this statute."

In prior decisions this Court has had occasion to mention and apply certain well-known rules of statutory construction, which should not be overlooked in connection with the case in hand.

In Burton v. Union Pacific Coal Co., 18 Wyo. 362, 107 Pac. 391, it was said:

"It is fundamental in statutory construction that the intention and purpose of the Legislature are to control. 'The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent.' (Lewis' Suth. Stat. Const., Sec. 363.) In construing statutes in pari materia, 'they are to be compared, harmonized if possible, and, if not susceptible of a construction which will make all of their provisions harmonize, they are made to operate together so far as possible consistently with the evident intent of the latest enactment.' (Id. Sec. 443.)"

See also Huber v. Thomas, 45 Wyo. 440, 19 Pac. (2d) 1042.

By International Harvester Co. v. Jackson Lumber Co., 25 Wyo. 367, 170 Pac. 6, we are reminded of a further rule thus:

"The Legislature has prescribed rules of construction of statutes. (Section 3617, Comp. Stat. 1910.) 'The construction of all statutes of this state shall be by the following rules, unless such construction shall be plainly repugnant to the intent of the legislature: 1. Words and phrases shall be taken in their plain or ordi-

nary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import.' The rule was considered in Rasmussen v. Baker, 7 Wyo. 117, 128, 50 Pac. 819, 821, 38 L. R. A. 773, where it was said: 'If the language employed is plain and unambigous there is no room for construction.' "

Another rule is thus state in Marsh v. Aljoe, 41 Wyo. 119, 282 Pac. 1055:

"It is a familiar and elementary rule of statutory construction, that if it is not possible to reconcile inconsistent statutes, the dates of their enactment will be consulted in determining the legislative meaning and effect given to the later one."

The application of these principles to the several statutes before us is not difficult. It is undoubted that the language added to sub-division "3" of Section 99-317 W. R. S. 1931, by chapter 136, Laws of Wyoming, 1933, supra, is the latest expression of the Legislature concerning the matter of expense which may be incurred by school districts for transportation or maintenance for school pupils within the district or in adjoining districts. As a matter of fact, nothing whatever seems to be indicated by the prior laws other than that school districts have authority in certain cases to pay for the transportation and maintenance of pupils. This added phraseology seems to be, indeed, the only expression of the legislative will relative to such expense "in lieu of establishing or maintaining schools within" such districts. We think this language used by Chapter 136, supra, is "plain and unambiguous" and not susceptible of any other construction than that school districts are limited to an expenditure of "not to exceed ten dollars per month per pupil" for the purposes indicated by the statute. We consider that this view harmonizes the several laws touching the matter and causes all of them to "operate together so far as possible consistently with the evident intent of the

latest enactment." The laws allowing expense for transportation and maintenance can still operate, but by the later Act that expense is limited.

Looking at the plain, and, as we see it, the obvious import of the added language aforesaid, it is impossible to conclude that the Legislature intended that a school district should be bound by the limitation therein expressed only as it decided it cared to be and that it might expend for the enumerated purposes whatever it determined proper. The limitation in question is inserted in the section of the Statutes which supplies, it may be properly said, the charter and fundamental powers of the school district as a corporate body. The further provision in the amendatory language aforesaid, that a resolution, "reciting the total amount provided for and the amount of expenses which will be saved," shall be adopted in voting the expense by the school district, does not alter the conclusion declared above as the proper interpretation of the statute. It would seem that such a resolution is required by the law evidently with the idea of specifically directing the attention of the "qualified electors" of the school district assembled in meeting to a definite statement and comparison of the necessary expense to be saved and expense to be incurred through transportation and maintenance of pupils in connection with eliminating schools therein, so that the action taken may be with full knowledge of the situation. We are unable to perceive that the suggested rule that repeals by implication are not favored, has any application here. 25 R. C. L. 919, § 169, declares that: "A law is not repealed by a later enactment, if the provisions of the two laws are not irreconcilable nor necessarily inconsistent, but both may stand and be operative without repugnance to each other."

The legislative history of Chapter 136, supra, is perhaps not without some significance. As originally in-

troduced in the Senate the bill for the proposed law did not contain the limitation "not to exceed ten dollars per month per pupil," but this was recommended to be inserted by the Standing Committee, to which it had been referred. When thereafter considered by the Senate Committee of the Whole, the same limitation was again recommended for insertion, and with that change the bill passed the Legislature and received executive sanction. It would seem reasonably plain that the attention of the Legislature was thus directed in the most positive manner to the limitation proposed, and the language employed therein must have been advisedly used. It is significant also that two sessions of the Legislature have occurred since the enactment of Chapter 136, supra, without any change being made in the law as there framed. Indeed, it may be noted that in the legislative session of 1935 a bill passed the House of Representatives, and received favorable recommendation in the Senate, wherein the same limitation as at present appears in the law was preserved, the only change being to omit entirely the words "or maintenance" after the word "transportation."

Numerous arguments and facts are submitted and alleged by appellants which have to do with the wisdom of this legislation. It is hardly necessary to say that such matters are properly to be addressed to the law-making power of the State and not to the judiciary. With such matters it is not the function of this Court to be concerned.

As our interpretation of the provisions of Chapter 136, supra, which have been above considered, coincides with that adopted by the District Judge who tried the case and is embodied in the judgment entered therein, that judgment will be affirmed.

*Affirmed.*

KIBALL, CH. J., and BLUME, J., concur.