ARTHUR O. DRULEY,

*Plaintiff and Appellant,*

vs.

FRANCIS W. HOUDESHELDT and SALT CREEK
FREIGHTWAYS, a corporation,

*Defendants and Respondents.*

(No. 2694; February 21st, 1956; 294 Pac. (2d) 351)

For the plaintiff and appellant, the cause was submitted upon the brief of Clarence G. Cypreansen and R. N. Ogden, both of Casper, Wyoming, and oral argument by Mr. Ogden.

For the defendants and respondents, the cause was submitted upon the brief and also oral argument of Edward E. Murane and R. R. Bostwick of Murane & Bostwick, Casper, Wyoming.

OPINION

PARKER, Justice.

On December 2, 1950, Hazel Elizabeth Druley, the wife of plaintiff, was a pay passenger on a Salt Creek Freightways bus driven by Francis W. Houdesheldt in Natrona County, Wyoming. The bus upset on icy roads; Mrs. Druley suffered injuries which resulted in her immediate death; and plaintiff filed this action against the bus company and the driver for damages

caused to him by loss of consortium resulting from his wife's death. After an intermediate motion to plaintiff's petition had been sustained, an amended petition was filed, a demurrer was interposed by defendants, and sustained by the court. Plaintiff elected to stand on his amended petition and has appealed the adverse judgment to this court. As is emphasized by plaintiff, this is not an action for a death of a human being but an action for damages to a living human because of the loss of consortium.

The case presents a single basic question, namely: Under Wyoming law, can a husband recover for loss of consortium arising from the wife's death by wrongful act? In order to show that such recovery is proper, plaintiff in his brief and argument raises three points:

(1) "The common law applies in Wyoming in the absence of Statutory provision."

(2) "The Wyoming Statutory provisions concerning actions for wrongful death which survive have been repealed" [by § 72-102, W.C.S., 1945].

(3) "At common law a husband can maintain an action for an injury to, or death of the wife for the loss of consortium."

The first point, that "the common law applies in Wyoming in the absence of Statutory provision," need not be discussed, since it is conceded by defendants' counsel and has long been considered by this court to be axiomatic.

The second point, that "the Wyoming Statutory provisions concerning actions for wrongful death which survive have been repealed," seems to depend upon the interpretation of the last sentence of § 72-102, W.C.S., 1945, one of the initial sections of the law providing for workmen's compensation. The sentence in issue reads as follows:

" * * * Sections 3526, 4291 and 4292 [§§ 57-427, 3-403 and 3-404], and all laws or parts of laws relat-

ing to damages for injuries or death from injuries or in anywise in conflict with this Act are hereby repealed, as to the employments, employers and employees coming within the terms of this act."

Plaintiff points out that there is a substantial difference between an "amendment," which is a change or alteration, and a "repeal," which is an abrogation or destruction of a former law. He refers to a number of cases tending to support this view, concluding with the following statement:

"We cite the foregoing authorities because the language of the repealing statute, after absolute repeal of the stated statutes, contains 'as to the employments, employers and employees coming within the terms of this Act.' Certainly as to such the offending conflicting statutes were repealed. But repealed for one purpose only, they are repealed for all purposes—are dead, are nullities; they should not be printed in the compilations of the statutes. * * * "

Plaintiff cites many cases as authority for his statement that repeal "is the abrogation or destruction of a law." We can agree generally with the plaintiff's definition, but our agreement must be subject to the inevitable exception that naked definitions seldom fit factual situations. In the "repeal" under consideration, there was no bald statement of such fact, but rather a conditioning of any "repeal" by the use of modifying phrases. None of the cases cited by plaintiff deals with a statute in which the legislature conditioned a repealing statute with words such as those in § 72-102, W.C.S., 1945 (" * * * in anywise in conflict with this Act are hereby repealed, *as to the employments, employers and employees coming within the terms of this act.*" Emphasis supplied.) Accordingly, plaintiff's cases on this subject, relating to situations other than the one in issue, are not helpful.

Initially, we must not lose sight of the fundamental rule of statutory construction that a statute is not open to construction as a matter of course. Where the

language of a statute is plain, unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation; and the court has no right to look for or impose another meaning. See 50 Am. Jur., Statutes § 225; Rasmussen v. Baker, 7 Wyo. 117, 50 P. 819; 38 L.R.A. 773, Board of Commrs. v. Blakely, 20 Wyo. 259, 123 P. 72; Gale v. School District No. 4, 49 Wyo. 384, 54 P. 2d 811; Texas Co. v. Siefried, 60 Wyo. 142, 147 P. 2d 837; 150 P. 2d 99; Wallis v. Bosler, 70 Wyo. 129, 246 P. 2d 711; State ex rel Fawcett v. Board of County Commrs., 73 Wyo. 69, 273 P. 2d 188. This rule is applicable to statutes referring to repeal.

" * * * It has also been held that a statute which expressly repeals so much of an earlier statute as is inconsistent therewith evinces a clear legislative intent that the earlier statute shall stand in respect of its other provisions. * * * " 50 Am. Jur., Statutes § 518, n. 2 citing Hanrick v. Patrick, 119 U. S. 156, 30 L. Ed. 396, 7 S. Ct. 147.

The rule is stated in similar language in 82 C. J. S., Statutes § 282, nn. 14 and 15 referring also to 59 C. J., Statutes § 502, nn. 49 and 50:

" * * * Even words of absolute repeal may be qualified by the intention manifested in other parts of the same act; and, according to some authorities, an express declaration that a particular statute is repealed will not be given effect, where it is apparent that the legislature did not so intend * * * ."

The court in United States v. Minker, D. C. Md., 19 F. Supp. 409, 414, stated:

" * * * In construing repealing statutes, it has frequently been held that a literally express repeal of a statute will not prevail where the intention of the legislative body is satisfactorily shown to be to the contrary, and this can be so shown by reference to other parts of the same statute, to other acts in *pari materia,* passed before or after, or to other contemporaneous legislation not strictly in *pari materia,* and

to relevant facts and circumstances existing at the time. * * * "

A statement to the same general effect is found in First National Bank v. Lee County Cotton Oil Co., Tex. Com. App., 274 S. W. 127, 129:

"In construing an act of the Legislature, the intention of the law making power must govern as discovered by the wording of the act itself, together with the purpose sought to be attained by the enactment of the law. If this intention is plainly evidenced according to these rules, then it is the duty of the court to uphold the intention and construe the law in accordance therewith. Inasmuch as the question of repeal is always one of relative intent, an express declaration that a particular statute is repealed will not be given effect, where it is apparent that the Legislature did not so intend."

It is clear to us that the language of § 72-102, W. C. S., 1945, is plain, unambiguous, and conveys a definite meaning. In passing this law, the legislature in nowise intended to interfere with or repeal any existing Wyoming statutes except those "in conflict with this Act [Workmen's Compensation Law] * * * as to the employments, employers and employees coming within the terms of this act." Accordingly, §§ 3-403 and 3-404, W.C.S., 1945, insofar as they relate to this type of case, are unrepealed and valid.

We next proceed to plaintiff's third point dealing with damage for loss of consortium, and find it desirable to review his pleading and the nature of his action. Plaintiff's amended petition states that Francis W. Houdesheldt, Salt Creek Freightways' agent, drove the bus carelessly and negligently, causing it to turn over, and that as a direct result of such negligence, Hazel Elizabeth Druley suffered fatal injuries. His action is in tort, and he relies on the common law rather than on "wrongful death" statutes. We notice initially that his statement, "at common law a husband can maintain an action for an injury to, or death of the

wife for the loss of consortium" is equivocal in that it relates to two entirely different situations, (a) an injury to the wife, and (b) the death of the wife. Authorities applicable to one such situation will be of no assistance in resolving the other. Accordingly, we have reviewed with care the cases cited by plaintiff on this point in an effort to determine whether they refer to (a) a wife's injuries and the loss occasioned to the husband by her incapacity while injured, or (b) a wife's *death* and the loss occasioned to the husband by reason thereof.

We find that the cases thus cited by plaintiff, by their holdings, divide themselves into three classes:

First, the case of Baker v. Bolton, 1 Camp. 493, 170 Eng. Rep. 1033, decided in 1808, the leading case against recovery for loss of consortium after death of the injured spouse, in which case Lord Ellenborough said: " * * * In a civil Court, the death of a human being could not be complained of as an injury * * *."

Second, the case of Jackson v. Watson & Sons [1909], L.R. 2 K.B. 193, in which a husband sued a food company for damages of breach of implied warranty upon the sale of a tin of spoiled salmon which caused the death of his wife.

Third, all other citations by plaintiff on this point, which cases hold, either directly or tangentially, that a husband can recover against a wrongdoer for the loss of consortium for the period *prior to the wife's death.*

Analysis of these three groups of cases indicates:

First, the Baker case is entirely contrary to plaintiff's theory.

Second, the Jackson case is no precedent here since it deals with a contract rather than a tort.

Third, the cases allowing recovery for the period prior to the wife's death deal with situations unlike the one at bar.

Much is made by plaintiff both in oral and written argument of the fact that the case of Baker v. Bolton, supra, "has been the subject of the absurd distinction in case of Jackson vs. Watson & Sons." It is not necessary for us to here determine whether or not the Jackson case constitutes a correct and applicable statement of the law in this jurisdiction. From the status of the instant case, it is essential on this phase to decide *only* the correctness of plaintiff's statement: "At common law a husband can maintain an action for  *  *  * death of the wife for the loss of consortium." We find no case to support this contention.

On the contrary, the authorities are unanimous in stating that there can be no recovery in such a situation.

"No action would lie at the common law for causing the death of a human being. This was as thoroughly settled by decisions as it was possible for any point to be, and the concurrence of authority was unanimous.  *  *  *" 1 Cooley on Torts (4th Ed.), p. 20.

A general statement on the subject is found in 30 C.J., Husband and Wife § 688:

"At common law, an action may be maintained by the husband for the loss of his wife's society and services, although the injury caused her death, if her death was not immediate  *  *  * . If, however, the injury result in immediate death, the common law gives to the husband no right of action; but in many states statutes patterned after 'Lord Campbell's Act,' enacted in England in 1846, give to the surviving husband  *  *  * a right of action upon a wrongful act causing her death  *  *  *  * ." Citing at n. 18 Nixon v. Ludlam, 50 Ill. App. 273. See also 41 C.J.S. Husband and Wife Sec. 401. One of the most comprehensive citations of cases is found in Annotation, 19 L.R.A. (N.S.) 633, stating, inter alia:

"The general rule, universally recognized, is that, without a statutory right, no recovery can be had for the wrongful death of another, even where the plaintiff bears the relation to the deceased of husband or wife,

and, by reason of the death of the spouse, he or she has been deprived of valuable legal rights, such as the loss of the services and *consortium* of the deceased spouse; and all the decisions exclude, as a ground of recovery, all elements of damages which arise solely from the wrongful death. However, where death is not instantaneous, a husband may recover for loss of his wife's services, as well as for expenses of care and medical treatment between the time she sustained the injury and her resulting death, but no longer.

"Thus, at common law, neither husband nor wife may recover damages arising from the negligent killing of the other where death is instantaneous, either for loss of services or *consortium.* * * * " Citing many cases. Plaintiff has said that:

"This is not an action for the death of a human being. It is an action for the damage to a living human being because defendants' negligence deprived him of his rights to enjoy consortium with his wife, which right was lost by the acts of defendants resulting in the death of the wife."

Accordingly, we need not here reiterate, discuss, or attempt to elucidate the rules regarding actions for wrongful death and survival of actions ably analyzed in Tuttle v. Short, 42 Wyo. 1, 288 P. 524, 70 A.L.R. 106; Coliseum Motor Co. v. Hester, 43 Wyo. 298, 3 P. 2d 105; Mull v. Wienbarg, 66 Wyo. 410, 212 P. 2d 380.

Defendants have posed two queries:

(1) "What is the remedy in a situation such as exists in the factual situation giving rise to the matter before the court?"

(2) "Whether or not a husband still has a right of action for consortium in any State which has an emancipation act for women."

These questions, while of academic interest and potentially determinative in certain instances, are not requisite to adjudication of this case and need not be discussed.

Plaintiff's counsel in pleading and later in argument have relied solely upon the right of a spouse to recover against a tort feasor at common law for the damage caused by loss of consortium occasioned by the death of the other spouse. We find no authority for such reliance. We think that the judgment of the court in sustaining defendants' demurrer was correct.

*Affirmed.*

BLUME, C. J., and HARNSBERGER, J., concur.

## ON PETITION FOR REHEARING

(No. 2694; April 24th, 1956; 296 Pac. (2d) 251)

1. DEATH. IN DEATH ACTION NO DAMAGES FOR LOSS OF CONSORTIUM.

> Husband had no common law action for loss of consortium resulting from wife's death.
> Page 166

Action by husband for loss of consortium resulting from his wife's death due to injuries she received as passanger in defendant's bus. The District Court, Natrona County, Franklin B. Sheldon, J., sustained defendant's demurrer and husband appealed. The Supreme Court, Parker, J., 294 P. 2d 351, affirmed the judgment. On plaintiff's petition for rehearing, the Supreme Court, Parker, J., held that husband had no common law action for loss of consortium resulting from wife's death.

*Denied.*

In support of the petition, there was a brief by Clarence G .Cypreansen and R. N. Ogden, both of Casper, Wyoming.

## OPINION ON REHEARING

PARKER, Justice.

Plaintiff has filed a petition for rehearing in this case, raising four points of alleged error.

In the first three of these he has contended that § 5, c. 143, S. L. of Wyoming, 1951, repeals §§ 3-403, 3-404, and 57-427, W.C.S., 1945. Since this phase of the case was fully discussed in the original opinion and no new authorities are now cited by counsel, there appears to be no necessity that further time or attention be devoted to the subject.

The fourth point in plaintiff's petition urges that the court erred in "its finding that the applicable Common Law does not accord Plaintiff and Appellant the relief sought by this action." Plaintiff's contention apparently stems from his statement: (a) "the Common Law applicable in Wyoming was that existing prior to and on April 10, 1606," and (b) "a husband [under the 1606 common law] had cause of action for loss of consortium, not only for so long as she [the wife] lived, but for the loss after her death, unless defendant by felony cost the life of the wife, when plaintiff's remedy was merged in the felony." As authority for his second and crucial statement, plaintiff relies on:

"44 Assiz 13. 47 E. 3, Bellewe's Cases, Ravishment pl. 3—cited in Hale's Pleas of the Crown, Vol. 1 p. 637. Vol. 3 of Street 'Foundation of Legal Liability' p. 71 cites Y. B. 44 Ass. 285 pl. 13; Bellewe's Cases Ravishment pl. 3."

He does not quote the Assizes reports but his Hale citation reads:

" * * * the husband * * * shall recover damages for the rape as well as the goods, tho the wife were dead or divorced after the rape."

and his Street text states, inter alia:

" * * * the right of action which accrues to a husband by virtue of the abduction of his wife * * * does not perish when the wife * * * happens to die before suit is brought * * * ."

These statements dealing respectively with rape and abduction discuss recovery and rights of action but do not purport to hold that a husband can recover for loss of consortium occurring *because of his wife's death*. They are therefore insufficient to establish plaintiff's contention.

Moreover, we would be loath to interpret a rule of the common law contrary to the views repeatedly expressed by the nation of its inception. English courts have so often pronounced their views that one citation on the subject should suffice. Lord Sumner in the case of Admiralty Commissioners v. S. S. America, L.R. (1917) App. Cas. 38, 51, following a scholarly review of prior cases by Lord Parker of Waddington, succinctly summarized the matter:

"My Lords, never during the many centuries that have passed since reports of the decisions of English Courts first began has the recovery of damages for the death of a human being as a civil injury been recorded. * * * * "

Stronger language could scarcely be imagined. Long before the America case, the subject was considered closed in the United States; witness the views of Justice Hunt in Insurance Co. v. Brame, 95 U. S. 754, 756, 24 L. Ed. 580:

"The authorities are so numerous and so uniform to the proposition, that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the State courts, and no deliberate, well-considered decision to the contrary is to be found . * * * "

Nothing has occurred to alter the law as thus pronounced, and the matter does not admit of controversy in this jurisdiction.

For the reason above stated, the petition for rehearing is denied.

*Denied.*

BLUME, C. J., and HARNSBERGER, J., concur.