**Michael James EVANS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5726.**

Supreme Court of Wyoming.

Nov. 9, 1982.

Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., Michael L. Hubbard, Asst. Atty. Gen. (argued), for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

A jury found appellant guilty of the crimes of attempted (§ 6–1–201, W.S.1977, Cum.Supp.1982) first degree sexual assault (§ 6–4–302(a)(i), W.S.1977) and of aiding and abetting (§ 6–1–114, W.S.1977) first degree sexual assault. He appeals from the resulting judgment and sentence, wording the only issue on appeal as follows:

"Whether Appellant was denied his constitutionally guaranteed right to a fair trial by an impartial jury through the state's use of premptory [sic] challenges to exclude minorities from the petit jury."

We affirm.

Appellant is a black man. He does not challenge the composition of the venire. In selection of the petit jury, the State challenged three jurors for cause, and the challenges were granted. Thereafter, the State exercised two of its eight peremptory challenges, challenging Willie Porter and John Martinez; and appellant exercised all eight of his.[1]

After the jury selection process was completed, appellant moved for a mistrial on the grounds that minority members were excluded from the jury through jury challenges. He stated that juror Martinez was "Chicano" and juror Porter was "Negro." In reply, the prosecuting attorney said:

"Well, of course, by the surnames we can, it's not true that all the—And the State could have excluded all the minorities, but by the surnames it's obvious on the record that there are minorities on the jury, and the removal, as the Court probably detected, on the two challenges, were . people that knew or knew of the defendant."

The court commented that:

"Certainly there are some Spanish surnames in the jury sitting, but I don't—that doesn't mean anything. They may be married individuals to persons having Spanish surnames."

Defense counsel noted that juror Ortega appeared to be Caucasian. The court commented that juror Lara could have a Spanish surname, and the assistant prosecutor commented that juror Ley "looks Chicano"

although his name was otherwise. The record does not reflect anything further with reference to the race or national origin of the jurors. During voir dire, juror Porter said that he knew appellant by seeing him in public places and exchanging "common greetings" with him in those instances. During voir dire, juror Martinez said that he knew of defendant inasmuch as Martinez's son "goes to school" with defendant's brother.

The motion for mistrial was denied, and appellant contends the denial to have been error.

Appellant acknowledges the holding in *Swain v. State of Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), to the effect that a defendant could not question a prosecutor's use of peremptory challenges in a particular case even if the peremptory challenge was allegedly used to discriminate against a particular group of persons. The court there said:

"The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control. *State v. Thompson,* 68 Ariz. 386, 206 P.2d 1037 (1949); *Lewis v. United States,* 146 U.S. 370, 378, 13 S.Ct. 136, 139, 36 L.Ed. 1011. While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable. *Hayes v. State of Missouri,* 120 U.S. 68, 70, 7 S.Ct. 350, 351, 30 L.Ed. 578. It is often exercised upon the 'sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another,' *Lewis,* supra 146 U.S., at 376, 13 S.Ct., at

---

1. Section 7–11–103, W.S.1977, provides in pertinent part:

"(a) The defendant may challenge peremptorily * * * in other felonies eight (8) jurors * * *. The prosecution may challenge peremptorily * * * in other felonies eight (8) jurors * * *.

"(b) Provided, however, that all challenges so made as aforesaid, by both the prosecution and the defendant or defendants shall be secret challenges."

138, upon a juror's 'habits and associations,' *Hayes v. State of Missouri,* supra, 120 U.S., at 70, 7 S.Ct., at 351, or upon the feeling that 'the bare questioning [a juror's] indifference may sometimes provoke a resentment,' *Lewis,* supra, 146 U.S., at 376, 13 S.Ct., at 138. It is no less frequently exercised on grounds normally thought irrelevant to legal proceedings or official action, namely, the race, religion, nationality, occupation or affiliations of people summoned for jury duty. For the question a prosecutor or defense counsel must decide is not whether a juror of a particular race or nationality is in fact partial, but whether one from a different group is less likely to be. · It is well known that these factors are widely explored during the *voir dire,* by both prosecutor and accused, *Miles v. United States,* 103 U.S. 304, 26 L.Ed. 481; *Aldridge v. United States,* 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054. This Court has held that the fairness of trial by jury requires no less. *Aldridge,* supra. Hence veniremen are not always judged solely as individuals for the purpose of exercising peremptory challenges. Rather they are challenged in light of the limited knowledge counsel has of them, which may include their group affiliations in the context of the case to be tried.

    \*    \*    \*    \*    \*    \*

"In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor there-

fore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it. \* \* \* " (Footnotes omitted.) 85 S.Ct. at 836, 837.

And see Annotation: Use of peremptory challenge to exclude from jury persons belonging to a class or race, 79 A.L.R.3d 14 (1977).

Nevertheless, appellant urges us to find error in the denial of his motion for mistrial on the basis of the language in a few cases, exemplified by that in *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748, 761, 762 (1978):

"We conclude that the use of peremptory challenges to remove prospective jurors on the sole ground of group bias violates the right to trial by a jury drawn from a representative cross-section of the community under article I, section 16, of the California Constitution. *This does not mean that the members of such a group are immune from peremptory challenges: individual members thereof may still be struck on grounds of specific bias, as defined herein.*" (Emphasis added.)

But, accedence to that urged by appellant would not be dispositive of the issue here presented. Even if a peremptory challenge cannot be based upon a group bias, be it race, sex, occupation, religion, national origin, or whatever, the rule espoused by appellant recognizes as proper a challenge on grounds of specific bias;[2] and here the specific reason existed, i.e., the challenges were premised on the juror's acquaintanceship with the defendant or members of his family. Appellant's wording of the issue on appeal is premised on the use of "peremptory [sic] challenges to exclude minorities from the petit jury." The premise has not been

---

**2.** There is a contradiction between assigning a reason of any kind to .peremptory challenge when the very definition of "peremptory chal-

lenge" is the right to challenge a juror without assigning a reason for the challenge. Black's Law Dictionary, 5th Ed. (1979).

established in this case. Appellant points to absolutely nothing in the record to reflect that the peremptory challenges of the State were for any reason other than that enunciated by the prosecuting attorney in response to the motion for a new trial. Accordingly, it would be improper for us to here resolve the issue. We do not render advisory opinions. *West v. Willey,* Wyo., 453 P.2d 883 (1969); *Tobin v. Pursel,* Wyo., 539 P.2d 361 (1975); *Aetna Casualty and Surety Company v. Langdon,* Wyo., 624 P.2d 240 (1981). Although the issue may be of academic interest and potentially determinative in certain instances, it is not truly significant to appellant's conviction in this case. *Druley v. Houdesheldt,* 75 Wyo. 155, 294 P.2d 351, reh. denied 75 Wyo. 155, 296 P.2d 251 (1956).

Affirmed.